ROLKE vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

RAILROADS: *Fires.—Negligence.*

1. Where the engine of the defendant's gravel train, on which were a large number of its workmen, set fire to combustibles on the track, which was known to defendant's servants in charge of the train, and the fire spread to plaintiff's property, a failure to stop the train and leave men to extinguish the flames was negligence, which renders the company liable.
2. In case of a passenger train, *it seems* that such failure to stop might not be negligence.

ERROR to the County Court of *Winnebago* County.

The action below was by *Rolke* against the railroad company. The complaint alleged that defendant's servants, in running a locomotive by and through plaintiff's land, so negligently and carelessly managed the same that sparks from the smoke-stack and coals

from the ash pan or fire-box escaped and set fire to the combustible matter alongside the track, from whence it communicated to plaintiff's premises, and destroyed his property, etc.    Answer, a general denial.

Verdict for the defendant company; and *Rolke* took his writ of error.

*Felker & Weisbrod*, for plaintiff in error, in support of the instructions asked and refused, cited *Cook v. Trans. Co.*, 1 Denio, 91; *Huyett v. R. R. Co.*, 23 Pa. St. 373; *Field v. R. R. Co.*, 32 N. Y. 339; 6 Duer, 282, 404; 1 Chitty's Pl. 86.

*Gabe Bouck*, for defendant in error, contended that under the pleadings the only question was, whether the fire was caused by the negligence of defendant's servants in managing its locomotive and train, and instructions as to defendant's duty in respect to putting out the fire after it was kindled, would have been irrelevant.

COLE, J.    Among other instructions asked by the plaintiff, which the county court refused to give, was one in substance and to the effect that if the jury found from the evidence that the engine set a fire on the track of the roadway on the day named, adjoining the premises of the plaintiff, and that the servants of the defendant in charge of such engine and train knew such fire to be so set and kindled, then the servants of the company were bound to use ordinary care and diligence to extinguish such fire; and if the servants of the defendant knew the fire was so set at or about the time it was so set, and used no efforts whatever to extinguish such fire, but went away and left it burning, such conduct on the part of the servants of the company was evidence of negligence, and ought to be taken into consideration in determining the question whether the train was managed with care with regard to fire.    We think this instruction should have been given.    It appears

that the train in question was a gravel train, engaged in the repair of the roadbed, and had about twenty-eight men on the train. And even if it had been prudent and necessary for the train itself to move off to the proper station as soon as it was unloaded, in order to avoid collision with other trains, what difficulty was there in leaving behind a sufficient number of men to put out the fire? It was a dry time in the summer, when a fire kindled upon the track of the road would very likely spread to the adjoining premises. Men of ordinary care would, under such circumstances, use proper diligence to prevent the fire from communicating to the property of others. And if, according to the hypothesis upon which the instruction is framed, the employees of the company knew that a fire had been kindled on the track by means of the locomotive, they were certainly bound to use ordinary care and diligence to extinguish it; and if they used no efforts whatever to extinguish it, but went away and left it burning, such conduct, we think, would amount to gross negligence.

These remarks are made with reference to the character and condition of the train in question. It was a gravel train, and there could be no difficulty, even if the train moved off, in leaving behind a portion of the men to look after the fire. In the case of an ordinary freight or passenger train, even if the employees knew the locomotive had kindled a fire upon the track, yet it might not be possible to stop the train and put it out, or leave behind any one for that purpose. The safety of the train and passengers would be a matter of first importance, and negligence could not necessarily be imputed if the servants left the fire burning without using any efforts to extinguish it. But the instruction, when applied to the facts of this case, raises quite a different question; and that is, whether, when a fire has been set by a gravel train, which has a large number of men

on the train who know about the fire, they can all go away, leaving the fire to spread and destroy the property of others, without being guilty of negligence. It seems to us that such conduct on the part of the servants of the company would almost deserve the warm language used by Judge BREESE, in *Bass v. Chicago, B. & Q. R. R. Co.*, 28 Ill. 9–19, as being "unworthy of civilized and Christian men." At all events, if the jury found from the evidence that the supposed facts were established, we have no doubt the company would be liable for the loss occasioned by the fire.

Without alluding to the other questions discussed, we reverse the judgment, and send the case back for a new trial, on account of the error in refusing to give the instruction above referred to.

*By the Court.*—Judgment reversed, and new trial ordered.