The Texas & Pacific R'y Co. v. F. M. Medaris.

(Case No. 5261.)

1. SEPARATE PROPERTY.— In this state the husband may sue alone for the recovery of the wife's separate property, and recover damages occasioned by injury to such property.
2. NEGLIGENCE PER SE.— It is not negligence *per se* in a railway company to allow grass and weeds to grow and accumulate upon its right of way, in the absence of a statute forbidding it. Nor is the fact that sparks are permitted to escape from a moving engine negligence *per se*. In the operation of trains, etc., such companies are required to exercise that degree of prudence which, under like circumstances, a reasonably cautious person would exercise.
3. SPECIAL CHARGES.— It is not error to refuse special charges which are embodied in the general charge. See charge of court below.

APPEAL from Parker. Tried below before the Hon. A. J. Hood.

July 11, 1883, Medaris brought suit against the railway company to recover damages for negligent burning of his pasture fence and grass.

January 29, 1884, by first amended petition then filed, he alleged that the land upon which the fence and grass were destroyed belonged to his wife, Mary H. Medaris, and seeks the recovery in the right of his wife, alleging that the company negligently permitted grass and weeds to grow and accumulate upon its right of way, and then negligently permitted sparks to escape from passing engines, and set the same on fire, which immediately communicated the fire to said lands of his wife and destroyed the fence and grass as charged.

Appellant answered by exceptions and plea of not guilty.

The case was tried August 16, 1884, and verdict was returned and judgment entered for appellee for $400.

The court charged in effect that, if the railroad company used that degree of care and prudence in running its engines, with reference to plaintiff's grass and fencing along its route, by keeping its right of way free from combustible matter, which railway companies of usual care and prudence commonly used under like circumstances to those in this suit, then defendant was not liable. But if the defendant so operated its engines that it did not observe, with reference to the safety of plaintiff's grass and fencing, that degree of care and prudence that is commonly used by railway companies under like circumstances, and did not keep its right of way in as safe condition, with reference to fire, as such companies usually did under like circumstances, and that plaintiff was damaged

as alleged, it would be their duty to find for the plaintiff. If the evidence failed to establish negligence on the part of defendant, or that plaintiff's property was destroyed by such negligence, or that plaintiff was thereby damaged, they would find for defendant. That by the term negligence, as used in this charge, was meant a want of that degree of care, caution and prudence which ordinary men commonly use under like circumstances, with reference to safety of property.

*B. G. Bidwell,* for appellant, on the proposition that the recovery should have been in the wife's right, cited: 30 Tex., 104; 46 Tex., 408; 13 Tex., 928; 4 Tex., 20; Story, Eq. Pl., 40.

On negligence, he cited: 33 Ia., 187; 32 N. Y., 339; 27 Ga., 481; 73 Pa., 121; 36 N. J., 553; 31 Ind., 141; 7 Kan., 308; 50 Cal., 176; 34 Ohio, 96.

*McCall & McCall,* for appellee, on the recovery being in the wife's right, cited: R. S., § 1204; Ezell *v.* Dodson, Law Rev., vol. 2, 338; Cannon *v.* Hemphill, 7 Tex., 184; Clay *v.* Power, 24 Tex., 304.

On negligence, they cited: Railroad Co. *v.* Parker, 50 Tex., 330; Railroad Co. *v.* Oram, 49 Tex., 341.

Watts, J. Com. App.— In this state the husband may sue alone for the recovery of any separate property belonging to the wife. R. S., art. 1204. And also to recover damages occasioned by injuries to such property.

For the purposes of this suit, the evidence clearly showed that the tltle to the land was in Mrs. Medaris, and it was not necessary for the court to do more than instruct the jury as to the principles of law applicable to the contested issues.

The destruction by fire of both the grass and fence was clearly shown, and also that the fire was occasioned by escaping sparks from the engines of appellant.

It is not negligence *per se* in a railway company to permit grass and weeds to grow and accumulate upon its right of way, in the absence of a statute requiring these to be removed from the right of way.

Nor is the fact that sparks may escape from a moving engine negligence *per se.*

These companies, the same as natural persons, are required to so use their own property as not to unnecessarily injure that of others. But in the operation of trains, etc., such companies are required to

exercise that degree of prudence which, under like circumstances, a reasonably cautious person would exercise.

While perhaps the rule announced in the charge as given would not in all respects be as stringent as that stated above, still the errors, if any, are such as appellant could not be heard to assert. In this particular the charge was perhaps more favorable to appellant than the case would authorize. At any rate there is no error in the charge against appellant.

Upon the case as presented the measure of damages would be the value of the fence and grass destroyed. The negligence of the appellant was affirmed by the jury, and an inspection of the record will show that the finding is sustained by the evidence.

The special charges asked and refused, so far as applicable to the case made, were embodied in the general charge, and it was not error to refuse them.

As to the amount of the injury, there is some conflict in the evidence, but the verdict is amply sustained by the evidence.

After a careful examination of the record, we have been unable to find any such error as ought to work a reversal of the judgment, and therefore recommend its affirmance.

JUDGMENT AFFIRMED.

[Opinion adopted April 28, 1885.]