MISSOURI PACIFIC RAILWAY COMPANY v. CHARLES DONALDSON.

No. 2686.

1. **Evidence—Negligence.**—When in an action for damages for the destruction of property with fire caused by sparks escaping from a railway engine the use of the most approved appliances to prevent fires and the employment of skillful servants is relied on as defense, the plaintiff may show in rebuttal that fires kindled in the same manner from the same cause were about the same time occurring along the line of the road. Such evidence though weak is not irrelevant.

2. **Negligence—Railway Companies.**—The liability of a railway company for the negligence of its employes in failing to exercise such care as one of ordinary prudence would to extinguish a fire kindled by sparks from the engine attached to a passing train exists only when the employe is not at the time engaged in some duty owing from the company to the public. Hence a charge which makes a railway company liable for the failure of its employes on a passing train to use proper care to extinguish a fire, without regard to the duty of the company to the public which would preclude the stoppage of the train, is error.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Willie, Mott & Ballinger,* for appellant.—The court erred in permitting plaintiff to introduce evidence over defendant's objection as to fires at other places, at other times, and from other engines, because the evidence was irrelevant and incompetent and immaterial, and the tendency of it was to prejudice the jury against the defendant. Bell v. C. B. & Q. Ry. Co., 20 N. W. Rep., 456, and cases cited; Hudson v. C. & W. R. R. Co., 13 N. Y., 735, and cases cited; C. B. & Q. Ry. Co. v. Lee, 60 Ill., 501; Juff v. Ry. Co., 31 Am. and Eng. R. R. Cases, 532; Early v. Ry., 30 Am. and Eng. R. R. Cases, 165; Davis v. O. C. R. R. Co., 8 Ore., 172; 1 Greenl. on Ev., sec. 52; Gibbons v. Wis. Val. Ry. Co., 58 Wis., 335.

There was no evidence showing that the company's employes were negligent in not extinguishing the fire. Box v. Word, 65 Texas, 159; H. & T. C. Ry. v. Ryder, 62 Texas, 267; Belcher v. Fox, 60 Texas, 527; Blanton v. Mays, 58 Texas, 422; Altgelt v. Brister, 57 Texas, 432.

When the court in its instructions submits issues to the jury upon which there is no evidence, and it is not clear that the jury may not have been misled, the judgment must be reversed. Austin v. Talk, 20 Texas, 167; Yarborough v. Tate, 14 Texas, 483; Earle v. Thomas, Id., 583.

*A. B. Buetell* and *F. Charles Hume,* for appellee.—The point of objection to the questions and answers was not that they tended to prejudice the jury, as is now for the first time claimed by the assignment, but merely and only because they were incompetent and irrelevant. If merely incompetent and irrelevant, without prejudice to defendant, the error charged does not justify reversal, and if a new ground of objection can be taken here it can not be maintained, because the defendant had already shown by another witness the same facts—that is the frequency of fires set by defendant in the same locality. Sharp v. Schmidt & Zeigler, 62 Texas, 266; Railway Co. v. Hogsett, 67 Texas, 687.

The evidence objected to was admissible to prove negligence and also to prove that the fire originated from defendant's engine. T. & P. R. R. Co. v. Land, 3 W. & W. Ct. App. C. C., sec. 50, citing I. & G. N. R. R. Co. v. Timmermann, 61 Texas, 664; 1 W. & W. Ct. App. C. C., sec. 838; 2 W. & W. Ct. App. C. C., sec. 681; 1 W. & W. Ct. App. C. C., sec. 838 (wherein are cited several authorities directly apposite, viz., Grand Trunk R. R. Co. v. Richardson, 91 U. S., 460; Pierce on Railroads, 439; Sheldon v. H. R. R. R. Co., 14 N. Y., 223; Field v. N. Y.

C. R. R. Co., 32 N. Y., 340; Huyett v. Phil. & R. R. R. Co., 23 Pa. St., 374); Shearm. & Redf. on Neg., sec. 333; 1 Redf. on Railroads, 474; 1 Whart. on Ev., sec. 43; P. C. & St. L. R. R. Co. v. Noel, 77 Ind., 121; Cerist v. Erie R. R. Co., 58 N. Y., 638; Westfall v. Erie R. R. Co., 5 Hun (N. Y.), 77; Cleveland v. Grand Trunk R. R. Co. 42 Vt., 451; A. & E. R. R. Co. v. Gantt, 39 Md., 134; Langabaugh v. V. C. & T. R. R. Co., 9 Nev., 273; Smith v. O. C. & N. R. R. Co., 10 R. I., 23; Burke v. L. &. N. R. R. Co., 7 Heisk., 456.

The defendant was liable for the negligence of its servants in failing to extinguish or to attempt to extinguish the fire, even though there had been no proof of defendant's negligence in setting the fire. And if the charge complained of be conceded to present the distinct issue of negligence *vel non* in the failure to extinguish the fire, separate from and independent of the question of negligence in setting the fire, still the charge was the law applicable to the case made by the evidence. Kenney v. Hann. & St. L. R. R. Co., 63 Mo., 101, 102; Rolke v. Chicago & N. W. R. R. Co., 26 Wis., 538–540; Ern v. Chicago & N. W. R. R. Co., 41 Wis., 66, 67.

STAYTON, CHIEF JUSTICE.—Donaldson sued the railroad company to recover damages for injury to his grass, fencing, trees, etc., alleged to have been caused by the negligence of the company in allowing sparks to escape from one of its engines whilst passing near the property, whereby fire was communicated to combustible matter left on and near its track, from which it was communicated to the plaintiff's property, and in failing to extinguish the fire after it was thus communicated.

On cross-examination of O'Connor, a witness for defendant, the plaintiff asked the following question: "Was there not a fire at Dickinson on or about the same day?" To which witness answered "Yes." Also these questions: "Were not prairie fires on or near that place of frequent occurrence? How many of such fires came to your knowledge during the time you were in such employment?" To which the witness replied: "Yes, a great many; but I have no means of giving the number accurately."

These questions were objected to by the defendant because they were incompetent and irrelevant, but the court overruled the objection and admitted the testimony.

Other parts of the witness' testimony tend to show that the fire at Dickinson originated from sparks escaping from one of defendant's engines though not from the one from which it is claimed the fire in question originated, and there was much evidence tending to show that all the appliances usual to prevent the escape of fire were used on the engines of defendant.

So much of the evidence objected to we are of the opinion was ad-

missible as it had a tendency to rebut this evidence offered by defendant and to show that the officers and agents of the company in this respect were not so careful as they claimed to have been. This evidence was weak in character but not irrelevant, and was properly admitted. Railway Co. v. Richardson, 91 U. S., 470; Railway Co. v. Noel, 77 Ind., 121; 1 Whart. Ev., 43; Pierce on Railroads, 439.

The evidence of the witness, however, as to other fires was not confined to such fires as were shown to have arisen soon after defendant's engines had passed, or as were shown to have resulted from the escape of fire from engines of defendant, but referred to fires generally, which may have occurred from the negligent or willful acts of others. This evidence was irrelevant and should have been excluded.

There was evidence from which the jury might fairly have found that the fire which destroyed appellee's property had its origin in the escape of fire from a particular engine on defendant's road; and from the statement of the only witness who seems to have had knowledge of the origin of the fire the jury might have found that the engine had not such complete and perfect appliances to prevent the escape of fire as all the evidence offered by appellant on that point tended to show it did have.

Many witnesses introduced by defendant testified that the engine's appliances for the prevention of the escape of fire were in good order and of the most approved kind; that the persons in charge of the train were competent men and careful in the discharge of their duties; and that the right of way was free from inflammable matter.

The issue whether negligence of appellant in any of these respects caused the fire was one fairly for the consideration of the jury, with a seeming preponderance in favor of the proposition that in these respects appellant was not negligent.

Two section hands in the employment of appellant are shown to have been at work on the line of the road at a point half mile or more from the place where the fire began, and it is shown that the grass was very dry and a strong wind blowing at the time.

The only evidence bearing on the question whether the employes of the road could have extinguished the fire is that which shows that the two employes were within that distance of the fire when it began; that of appellant, whose testimony showed that the fire spread very rapidly and that he was unable to arrest it; and that of the roadmaster, who stated that the section foreman, who was one of the two men nearest the fire when it started, was on that day employed in repairing track, and that "during the fire he was engaged trying to extinguish it. I did make effort to put the fires out by giving orders to the section foreman to do so if possible."

The roadmaster was passing on another train when he discovered the fire.

So standing the evidence it is urged that the court erred in giving any instruction in reference to the liability of the company resulting from the failure of its servants to extinguish the fire, and this is based on a proposition that there was no evidence tending to show that the servants might have extinguished the fire, and upon the further proposition that "the company was not liable because of any negligence on the part of its employes in extinguishing the fire, unless it was an undisputed fact that the fire originated through the negligence of the company, and upon this question the evidence was conflicting."

Whether to fix liability on a railway company for a failure to extinguish a fire kindled from the escape of sparks or coals it is necessary that it be shown that the escape of fire from the engine must have been under such circumstances as to amount to negligence, was considered in the case of appellant against Platzer, this day decided, and it is not now necessary further to consider that question.

The court gave the following charges:

"If you believe from the evidence that the defendant company's engine or appliances set fire to the grass, and was thus communicated to and destroyed plaintiff's property, and that the employes of defendant were guilty of negligence in not extinguishing the fire, then the plaintiff would be entitled to recover his damages from the defendant company.

"In determining whether or not the employes of defendant were guilty of negligence in not extinguishing the fire you must look to all the facts and circumstances to determine whether or not they were guilty of negligence in not extinguishing the fire, and whether they could have extinguished the fire but for their negligence.

"Negligence on part of the employes of defendant who were not on the trains is the absence of such care and prudence as persons of ordinary care would have observed under similar circumstances."

It will be observed that these charges do not relate to the general duty of a railway company to extinguish a fire originating from sparks or coals escaped from an engine and to its liability for the failure to use due care in this respect, but to the liability of the company on account of the failure of some of its servants to extinguish the fire if they could have done so by the exercise of that degree of care persons of ordinary prudence would have observed under like circumstances.

The first and second paragraphs of the charge complained of were correct, and the third, in so far as it defined negligence of appellant's servants not on trains, was correct, and if applied to those on trains would not have been erroneous, their duties to the public being always considered, but as to the last the charge was silent.

The court probably intended to exclude the idea that appellant would be liable for the failure of its servants engaged in operating trains to extinguish the fire, and if the charge was so understood appellant has no

ground to complain of the form of the charge, but we are of the opinion that the evidence did not justify a charge which permitted the jury to find that appellant was guilty of negligence in that its servants not on trains did not extinguish the fire.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 26, 1889.