### Texas & Pacific Railway Company v. J. C. Rutherford.

Decided March 22, 1902.

**1.—Trial—Harmless Error.**

Where the trial was before the court without a jury, the admission of immaterial evidence will not be held reversible error, since the court must have discriminated between the evidence which was legal and that which was not, and based his judgment on the legal evidence.

**2.—Railway Company—Setting Fire—Evidence of Other Fires.**

Where the action was against a railway company for setting a fire, evidence of other recent fires on its track near the same place was admissible to show that it was not careful in keeping its right of way free from combustible matter, and that all the appliances to prevent the escape of fire were not used on its engines.

**3.—Same—Evidence.**

Where, in such action, witnesses testified that corn shucks and Spanish nettles were scattered over the right of way, this was sufficient to sustain a finding that the shucks and nettles were allowed to accumulate and remain thereon, and it was immaterial whether the evidence sustained a finding that the nettles caught and held the shucks.

**4.—Same—Finding of Negligence Sustained.**

Evidence held sufficient to support a finding that an engine was negligently managed and run at an improper rate of speed, and that the setting of a fire resulted therefrom.

**5.—Same—Contributory Negligence.**

Plaintiff was not guilty of contributory negligence in storing hay in his barn, adjoining a railroad right of way, because snucks were thrown from the barn which the railway company had allowed to accumulate on its right of way.

Appeal from Lamar. Tried below before Hon. Ben H. Denton.

*T. J. Freeman* and *Head & Dillard,* for appellant.

*W. F. Moore* and *Sturgeon & Stone,* for appellee.

BOOKHOUT, Associate Justice.—On August 25, 1899, appellee's hay barn worth $300, with 125 tons of hay therein worth $750, were burned, and on February 27, 1900, he instituted this suit against appellant, alleging that it negligently caused the fire which did the burning. A trial before the court on October 8, 1901, resulted in a judgment in favor of appellee for $1183.52 1-2, from which this appeal is

prosecuted, appellant having given notice of appeal, filed supersedeas bond, and assigned errors in compliance with out statutes and rules of court.

*Conclusions of Fact.*—On and prior to August 25, 1899, the appellant owned and operated a line of railroad through the town of Petty, in Lamar County, said road running about east and west. Just south of appellant's main line it maintained a switch, and south of this switch appellee owned one and one-eighth acres of land upon which he had erected a barn in which was stored 125 tons of hay, the barn itself being worth $300. Upon its right of way appellant had permitted corn shucks and Spanish nettles to accumulate and remain. Said shucks and nettles were dry and very combustible. On said 25th day of August, 1899, a freight train operated by defendant's agents and servants passed the town of Petty at an unusual and unsafe rate of speed, which caused sparks to escape from its engine, setting fire to the shucks and nettles upon its right of way, and said fire was communicated to appellee's barn, which, with its contents, was totally destroyed, whereby he sustained damages in the amount found by the judgment. Appellant was guilty of negligence in permitting combustible material to gather and remain on its right of way, and in operating its engine at a negligent rate of speed, which negligence was the proximate cause of the fire and injury. In deference to the finding of the trial court we find that the engine was not equipped with the proper appliances for arresting sparks.

* *Opinion.*—Complaint is made of the admission by the court of the testimony of the witness Wilkerson, "that a week or two before the fire in question, there was another fire on defendant's right of way, about fifteen or twenty feet east of this one, in the shucks around these barns." The objection to this testimony was that it was irrelevant and immaterial. The objection was overruled and the evidence admitted. The action of the court in admitting the testimony presents no reversible error. There was sufficient competent evidence to support the judgment and the admission of this evidence could not have affected the result. The case was tried by the court without a jury. The trial court must have discriminated between the evidence which was legal and the evidence which was not and based his judgment on the legal evidence. Bank of Greenville v. Greenville Oil Co., 60 S. W. Rep., 828; Melton v. Cobb, 21 Texas, 539.

It is contended that the court erred in admitting the testimony of the witness Dillinger, "that about a month before the fire in question he saw a fire on the side track just north of the Wooldridge barn, and that the engineer and fireman put it out." This evidence was objected to as being irrelevant and immaterial, which objection was overruled and the testimony admitted. This evidence was admissible to show that the officers and agents of the company were not careful in keeping

the right of way free from combustible matter, and also as tending to show that all of the appliances used to prevent the escape of fire were not used on the engines of defendant. Railway v. Donaldson, 73 Texas, 124.

It is contended that the court erred in finding from the evidence that the shucks thrown out by persons who shucked the corn accumulated on defendant's switch track. This contention is without merit. The appellee testified, "there were lots of hay, straw, and shucks scattered over the side track; had been there for years." It was stated in the statement of facts that the testimony of the witnesses Vaughan and Law was substantially the same as that of appellee as to the condition of the shucks upon the track. Hicks Johnson testified: "The land along where the switch is and south of the switch was in a pretty bad fix; it had shucks, hay, and weeds upon it." Wilkerson testified: "There were Spanish nettles around there also, growing thick; some were live and some were dead." Again, he testified: "There was a good deal of shucks, hay, and weeds around these barns and the track at the time of the fire." We conclude that the evidence was sufficient to justify the finding that corn shucks and Spanish nettles were permitted by appellant to accumulate upon its right of way and remain there, and that the same were combustible.

Complaint is made of that part of the court's finding to the effect that weeds and nettles "would catch and did catch and hold the shucks that were thrown out of said buildings." We think it immaterial, under the evidence, whether the same was sufficient to authorize the finding embraced in the quotation. There is evidence which inferentially supports the finding. The evidence shows that there were dry weeds known as Spanish nettles upon appellant's right of way where the fire originated. The court found that the shucks accumulated on the defendant's right of way between said building and the seed house, and on said right of way north of both of said buildings up to and on said defendant's side switch, and that this was the usual condition of said right of way at said place for several years prior to said date. The evidence and the finding of the trial court show that corn shucks and Spanish nettles accumulated and were permitted to remain on defendant's right of way, and in view of this finding it is immaterial whether the nettles "would catch and hold the shucks that were thrown out of said buildings."

It is contended that the court erred in finding from the evidence that the employes of the defendant were guilty of negligence in running and operating the engine at the time the fire occurred. One of the witnesses testified that: "I saw the train switching down west, and it then coupled up and passed through going east on the main track. It was about 300 yards west when it coupled up and started out. The engineer seemed to pull it wide open and turn it 'go.' It appeared to me it was using all the steam it had. I last saw it just east of the depot, between the depot and the barn. They are from 100 to 125 yards

apart. I heard the engine puffing unusually hard continuously. It was running faster than it usually does out of there. It was four or five minutes after this I saw the fire." The witness Graves testified: "I was standing on the side of the railroad not more than six or eight steps when the train passed. The train was moving pretty fast, about twenty-five or thirty miles per hour. It was running faster than they ordinarily run there. I don't know that it was making any noise. It was smoking like it was running very hard. I don't know how long it kept up. It was acting that way when it passed me and passed on through. That is what drew my attention, and I noticed cinders falling on the ground." Again he testified: "It was about twenty feet from the main track due south to the Wooldridge barn; that is where I was when I saw the cinders falling, and it was north of the barn where I saw the fire burning." The evidence was sufficient to authorize the court to find that the defendant was guilty of negligence in running and operating its engine at the time and place of the fire. We think that the evidence further shows that such negligence was the proximate cause of the fire which destroyed plaintiff's property, and in deference to the findings of the trial court we so conclude.

Complaint is made of the findings of the trial court that defendant was guilty of negligence in permitting its right of way to get in a dangerous condition as regards fires from passing trains. It is contended that the shucks which accumulated on the right of way were material from appellee's barn and from the Wooldridge barn which had been thrown out and accumulated on the right of way, and it is contended that appellee was guilty of contributory negligence in storing his hay in his barn under the circumstances. These contentions are without merit. The appellee's barn was on his own premises and he was making lawful use of the same. The contentions insisted on are decided against appellant in the cases of Rutherford v. Railway, 61 Southwestern Reporter, 422, and Railway v. Wooldridge, 63 Southwestern Reporter, 905.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*