## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY CO. v. J. M. CHITTIM.

### Decided December 17, 1902.

**1.—Railway Company—Fires from Engine—Burden of Proof.**

Where in the petition in an action against a railway company for damages caused by fire set from defendant's engines, the negligence charged was in the construction and operation of the engine, overloading the train, use of improper fuel, and leaving weeds on the right of way, as well as in not having proper spark arresters, an instruction that "if the plaintiff has shown by a preponderance of the evidence that the fire originated from sparks from one of defendant's locomotives, then the burden rests on the defendant to show that the escape of such sparks was not due to negligence on its part," was erroneous, since this shifted the whole burden of proof on to the defendant, in relation to all the matters of negligence alleged.

**2.—Same—Ordinary Diligence—Putting Out Fire.**

Where grass was set on fire by sparks from an engine, it was not negligence for the train crew to fail to leave the train and extinguish the fire, although the diligence required of a railway company under such state of facts is the same as would be required of an ordinarily prudent man under like circumstances.

**3.—Same—Measure of Damages—Value of Grass.**

For the destruction of grass by fire the measure of damages is its reasonable market value at the time of its destruction, and if it had no market value, then its value in view of the use to which it was to be put.

**4.—Same—Injury to Soil—Value of Fence.**

Where the fire destroyed plaintiff's grass and fence and burned the soil, the measure of damages was the value of the grass, the actual value of the fence (considering the cost of labor and material necessary to construct one equal in value to that destroyed), and the difference in the value of the land immediately before and after the fire.

**5.—Same—Evidence.**

Where the evidence left it in doubt as to which engine fired the grass, it was permissible to show that sparks and burning coals were frequently dropped by engines passing, at or about the time of the fire, occasioning other fires of the same character.

Appeal from the District Court of Maverick. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Baker & Lovett* and *Ellis, Garner & Love,* for appellant.

*Winchester Kelso* and *W. C. Douglas,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for the sum of $36,693.37 damages alleged to have accrued to appellee by the negligent burning of grass and fourteen miles of fence. A trial by jury resulted in a verdict and judgment for $28,357.72, in favor of appellee.

The grounds of negligence were as follows: "(a) In permitting broomweed, grass and other combustible growth to accumulate on its right of way as aforesaid; (b) in overloading the engines attached to and pulling the freight and passenger trains on said Eagle Pass branch at and about the time of the fire hereinbefore described, as aforesaid; (c) in failing to cause said engine to be furnished and fitted with adequate

appliances in good repair and with adequate spark-arrester appliances in good order and condition, as aforesaid; (d) in using engines that were old and in a bad state of repair, and of size and capacity too small to pull the load to which they were attached; (e) in operating said engines and trains, through its servants, in a careless, reckless and negligent manner; (f) in running said engines at an excessive rate of speed, and in using in said engines an excessive amount of fuel and steam and coal and fuel of an inferior quality; (g) in disregarding in the operation of said freight and passenger trains the danger incident to the high wind which was blowing at the time of the fire hereinbefore described, as aforesaid; and (h) in failing to take prompt, proper and adequate steps to prevent the spread of the aforesaid fire as aforesaid." There was some testimony bearing on most of the grounds of negligence.

The court in the last clause of the charge instructed the jury: "The burden of proof in this case rests upon the plaintiff, and before he can recover he must establish all the facts necessary to his recovery by a preponderance of the evidence; but you are instructed as to the burden of proof on the question of negligence that if the plaintiff has shown by a preponderance of the evidence that the fire originated from sparks from one of the plaintiff's locomotives, then the burden rests upon the defendant to show that the escape of such sparks was not due to negligence on its part."

In case the testimony established that the fire originated from sparks of appellant's locomotive, the charge in question shifted the burden from appellee, and laid it upon appellant, not only of proving that its locomotive was supplied with the most approved spark arrester, and that it was in a good state of repair, and that the locomotive was properly operated, but that the load it carried was not too heavy, that it used the proper kind of fuel, and that its right of way was kept in such condition that the fire was not communicated from it. In other words the rule, as laid down by the trial court, in cases of this character is, that by showing that the fire was communicated by sparks from the locomotive of a railroad company, a prima facie case of negligence is made out, and the whole burden is shifted from the plaintiff to the defendant.

The general rule in Texas prohibits the judges from declaring that the proof of certain facts raise a presumption of negligence, but in cases of fires communicated by sparks from railroad locomotives, an exception has been engrafted upon the rule, and it has been held in a number of decisions that it was permissible to inform the jury that proof of the ignition of property by such sparks make out a prima facie case for the plaintiff, unless the same has been rebutted by proof of use of the most approved spark arresters and proper handling of the locomotive.

It is the English rule, formulated many years ago, that when premises are fired by a passing engine, that fact is prima facie evidence of negligence, rendering it incumbent on the company to show that reasonable precautions had been taken to prevent the escape of fire. The rule was first adopted in Texas in a well considered opinion rendered by the old

Court of Appeals through Judge Ector. Railway v. McDonough, W. & W. Civ. Cas., secs. 652, 653. The following language from a Wisconsin case was adopted in the McDonough case: "The reasons given for requiring the companies to show that this duty has been performed on their part are, that the agents and employes know, or are at least bound to know, that the engine is properly equipped, and they know whether any mechanical contrivances were employed for that purpose, and if so, what was their character; whilst on the other hand, persons not connected with the road, and who only see trains passing at a high rate of speed, have no such means of information, and the same is inaccessible to and can not be obtained by them without great trouble and expense, then often only as a favor from the company, which, under the circumstances, the company would be very likely to withhold."

In the case of Railway v. Timmerman, 61 Texas, 663, the McDonough case was followed, and the same reasons given for the existence of the rule, and indeed no other valid reason can be given for a departure from the general rule to the effect that the burden of proof never shifts from the plaintiff during the course of a trial. In formulating the rule, language is used in the Timmerman case that might possibly justify the charge given by the court, but the reasons given for the rule do not sustain a rule so wide in its application, and indicate that it was not so intended.

In all of the cases in which the rule in the McDonough case has been followed, the only burden that has been placed upon the railway company when proof has been introduced showing the destruction of property by sparks emitted by a locomotive, was to show that the most approved spark arresters were used on the locomotives, and that they were in good repair and skillfully operated. When the railroad company has introduced such proof it has removed the presumption of negligence, and has no further burden of proof laid upon it by the mere proof of the ignition of the property by its locomotive. Railway v. Bartlett, 69 Texas, 79; Railway v. Benson, 69 Texas, 407; Railway v. Horne, 69 Texas, 643; Railway v. Johnson, 92 Texas, 591.

In the Benson case, above cited, the court said: "This demand of the law as to burden of proof is, however, satisfied when the company shows by undisputed evidence that it was using at the time, and upon the very engine in question, the best and most approved mechanical appliances known and in use to prevent the escape of fire from its engine and sparks from the smokestack, and the same were in good repair and condition, and were operated by a skillful engineer in a careful manner."

That opinion not only formulates the rule in the McDonough case, but it goes further and holds that negligence is not implied from any other act of negligence, such as the accumulation of combustible matter on the right of way, and the burden is not shifted by proof of such fact.

In the case of Railway v. Stafford, 31 S. W. Rep., 319, the following charge was requested and refused: "If you believe from the evidence that the engines of defendant company were properly equipped with ap-

pliances determined by practical railroad men to be among the best in use on railroads for the prevention of the escape of sparks, fire and cinders from locomotives, and that such apparatus and appliances were in good order, and that the engines were carefully and properly handled by competent employes of the defendant at the time of the alleged setting out of the fires complained of, by defendant's engines, then you are charged that, although you may believe that the fires were set out by the defendant's engines, the burden of proof is upon the plaintiffs to show that the damage complained of was the result of the negligent acts or omissions of the defendant or its employes." The Court of Civil Appeals held that the charge should have been given, and properly so because the burden imposed upon the railway company had been fully met by its proof, and it had no burden imposed upon it, by the fact of the fire, in regard to any other act of negligence. It had met the prima facie case and rebutted it, and the burden of proving negligence thereby remained with the plaintiff.

In Edwards v. Campbell, 33 Southwestern Reporter, 761, the rule under discussion is correctly and tersely formulated by the Court of Civil Appeals of the Third District, and then it is further aptly said: "As to negligence arising in other respects,—that is, as to facts that are not peculiarly within the knowledge of the employes,—the burden remains upon the plaintiff, and he must show the negligence in order to recover."

It is unnecessary to multiply authorities, of which there are numbers on the same line from other States, for the conclusion is inevitable that, under the state of circumstances in this case, where the proof is of such a nature under the allegations as to render it uncertain as to whether the fire was communicated by reason of faulty appliances or the use of inferior coal, or the overloading of the engines, the charge which made a prima facie case for appellee on proof of ignition of the grass by sparks from the engine and shifted all the burden to appellant was erroneous, and must cause a reversal of the judgment.

The court instructed the jury that if the grass was ignited by sparks from appellant's engine, and employes on discovering the fire failed to "take prompt and proper and adequate steps to prevent the spread of the fire," and if such steps would have prevented the spread of the fire and such failure was negligence, appellant would be liable. If the fire was communicated to the grass through the negligence of appellant, it became liable for the damages, no matter what efforts the servants may have used to extinguish it, but if the grass was not ignited, through the negligence of appellant, but in the careful prosecution of its business, another question is presented about which courts have greatly differed, some holding that under such circumstances no duty rests on the railway company, and others that it is the duty of the railway company to exercise ordinary care to extinguish a fire having its origin in the lawful conduct of its business. Discussing this question in the case of Railway v. Platzer, 73 Texas, 117, the court said: "Without entering into any discussion as to the degree of care a railway should use to extinguish a fire caused

by escape of fire from its engines, we feel constrained to hold that the duty does exist, however careful such companies may be to prevent the escape of fire from their engines, and that the failure to exercise such care as the circumstances of a given case would indicate to a prudent man was proper, will give cause of action for an injury resulting." We think the amount of diligence required of a railway company under the state of facts in this case would be such as would be required of an ordinarily prudent man under like circumstances, and this duty would not be incumbent on the train crew, but must be placed on other agents or employes of appellant, not engaged in that or any like public duty. Railway v. Donaldson, 73 Texas, 124. The jury may have concluded from the charge of the court in this case that the train crew should have left the train and should have engaged in extinguishing the fire, and that the railroad company would be liable if "prompt, proper and adequate means" were not used by them to extinguish the fire. As soon as information reached the employes whose duty it was to attend to such matters, it was incumbent on them to use such care to extinguish the fire as a prudent man would under like circumstances have exercised. Elliott on Railroads, sec. 1232.

It is insisted by appellant that the true measure of damages in cases of this character is the reasonable market value of the property at time and place of the fire, or its intrinsic value, and it contends that the court erred in instructing the jury that "the measure of damages would be the reasonable value of the grass, pear and brush destroyed, for grazing and pasturage purposes at the time of its destruction." The measure of damages for the destruction of grass is its reasonable market value at the time of its destruction. Railway v. Wallace, 74 Texas, 58; Broussard v. Railway, 80 Texas, 329; Railway v. Goode, 7 Texas Civ. App., 245. If the grass had no market value, its value in view of the use to which it was to be put would be the test, and liberality would necessarily be shown in making proof of the value, and the opinion of men qualified by experience to speak of such matters would be admissible. Railway v. Rheiner (Texas Civ. App.), 25 S. W. Rep., 971. As said in Railway v. Matthews, 3 Texas Civil Appeals, 493, "evidence of the value of the grass as hay as well as for pasturage purposes should be admitted for the consideration of the jury, and from a showing of all the purposes for which plaintiff's grass was useful and valuable, the jury should determine what its value was at the time and state in which it stood when burned. If the grass possessed a market value, that should be the criterion. But if, as is probable, there was no market value, considering it as useful for pasturage, its value when thus used should be taken. Any evidence tending to show what the grass was worth when put to any of the uses for which it was valuable should be admitted."

The evidence as to other fires was properly admitted. The rule is that "when the particular engine which caused the fire can not be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing on the same road upon other occasions, at

or about the time of the fire, before or after, is relevant and competent to show habitual negligence, and to make it probable that the plaintiff's injury proceeded from the same cause." Shearm. & Redf. on Neg., sec. 675; Railway v. Johnston (Ala.), 29 So. Rep., 771; Henderson v. Railway (Pa.), 22 Atl. Rep., 851; Sheldon v. Railroad, 14 N. Y., 218. There was some doubt in this case as to which locomotive fired the grass.

The court instructed the jury that the plaintiff could not recover for the destruction of the fence separate and distinct from the value of the land, but might consider the destruction or injury of the fences in determining whether or not the land was injured by the fire. We believe the true measure of damages in this case, if the turf was injured, is the difference in value of the land immediately before and immediately after the fire, not taking into consideration the value of the grass; the market value of the grass, if ascertainable, and if not its value for hay or other purposes; and the actual value of the fence destroyed to be ascertained by considering the cost of labor and material necessary to construct a fence equal to the one destroyed. Railway v. Medaris, 64 Texas, 92; Marks v. Calmer, 24 Pac. Rep., 528. In Sutherland on Damages, section 1015, it is said: "If the thing destroyed, although it is part of the realty, has a value which can be accurately ascertained without reference to the soil on which it stands or out of which it grows, the recovery may be the value of the thing thus destroyed, and not for the difference in the value of the land before and after such destruction." The text is supported by a number of cases, among the number being the case of Railway v. Adams, 63 Texas, 200.

In the Medaris case above cited it was said: "Upon the case presented, the measure of damages would be the value of the fence and grass destroyed."

The destruction of the fence did not appreciably affect the value of the land, and the principle of compensation would be answered by a recovery of such an amount as would, if properly expended, restore the fence as it was before the fire. Marvin v. Pardu, 64 Barb., 353; Colton v. Onderdonk, 69 Cal., 155.

We have considered all points presented which we deem important and likely to arise on another trial.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*