PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS
RAILWAY COMPANY v. BROUGH.

[No. 20,428.    Filed April 25, 1907.]

1. PLEADING. — Complaint. — Specificness. — Railroads.—Setting
Fires.—A complaint showing that defendant railroad company
negligently constructed its fire-box, smoke-stack and spark-
arrester, negligently failed to keep same in repair and negli-
gently operated same, by reason of which its locomotive threw
coals on land adjacent to the company's right of way, setting
grass on fire, which fire defendant negligently permitted to
spread to plaintiff's land, to his damage, states a cause of ac-
tion and is sufficiently specific.    p. 379.

2. TRIAL.—Verdict.—Answers to Interrogatories.—Railroads.—
Setting Fires.—Where the complaint alleges negligence in de-
fendant railroad company's construction of its engine, in its
failure to repair same and in the operation thereof, answers
negativing negligence in the construction and repair of the
engine cannot control a general verdict for plaintiff.    p. 379.

3. SAME.—Instructions.—Railroads.—Setting Fires.—Negligent-
ly Permitting Spread of.—An instruction, in an action against
a railroad company for negligently setting fires off of its right of
way, and negligently permitting the spread thereof, that if the
servants of defendant discovered the fire in time to extinguish
it by the use of ordinary care, and thus prevent its spread to
plaintiff's property, defendant is liable, is erroneous, where
such fire was set, off of the right of way, without negligence,
by the engine of a local freight-train, the instruction wholly
omitting any reference to the duties owing by such company to
the public.    p. 380.

From Porter Circuit Court; Willis C. McMahan, Judge.

Action by David T. Brough against the Pittsburgh,
Cincinnati, Chicago & St. Louis Railway Company. From
a judgment for plaintiff, defendant appeals. Transferred
from Appellate Court under §1337u Burns 1901, Acts
1901, p. 590. Reversed.

George E. Ross, for appellant.

N. L. Agnew, for appellee.

MONKS, J.—Appellee brought this action to recover
damages for injury to his property alleged to have been

caused by the negligence of appellant. The jury returned a general verdict in favor of appellee and answers to interrogatories submitted by the court. Over appellant's motion for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict and its motion for a new trial, the court rendered judgment on the general verdict in favor of appellee.

The complaint charged appellant with negligence in the construction of the fire-box, smoke-stack and spark-arrester, of its locomotive engine, and that appellant negligently failed to keep the same in repair, and with negligence in the operation of said engine; that, on account of said negligence, said locomotive engine, while being run over appellant's railroad, threw sparks and coals of fire upon certain land outside its right of way, and set fire to the dry grass, weeds, and combustible matter on said land, and that appellant negligently permitted said fire to escape and spread from said land to appellee's real estate and destroy his property thereon, to his damage, etc.; that said loss and damage were caused solely by the carelessness of appellant, and without any negligence on the part of appellee. The complaint further alleged matter in excuse for failing to set out more specifically the facts constituting appellant's negligence. No error was committed in overruling the motion to make the complaint more specific. The complaint was sufficient to withstand appellant's demurrer for want of facts.

The answers of the jury to the interrogatories are clearly against the allegations of the complaint as to the negligent construction of the locomotive engine and the negligent failure of appellant to keep the same in repair. There is nothing, however, in the answers to the interrogatories, which is in irreconcilable conflict with the general verdict as to the negligent operation of the locomotive engine. The court did not err, therefore, in overruling appellant's motion for a judgment

in its favor on the answers to the interrogatories notwithstanding the general verdict. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297.

Complaint is made of the ninth instruction, which informed the jury that if the fire started from sparks from the defendant's locomotive engine, "and that the servants of the defendant company discovered the fire in time to extinguish it, by the use of ordinary care, and thus prevent it from doing damage to others, and negligently failed to do so, the defendant would be liable." It will be observed that the fire complained of in this case was started off the right of way, and spread from there to appellee's land. It is claimed by appellee that the fire was set by sparks or coals of fire from a locomotive engine attached to a local freight-train on appellant's railroad while the same was switching cars at one of appellant's stations, and before said local freight-train started for the next station. It is not claimed that any of the employes of appellant except those on said local freight-train had any knowledge of said fire. Counsel for appellee insists that said ninth instruction is correct, because under such circumstances, even if the fire was not negligently started by appellant, it was the duty of appellant to use ordinary care to prevent the spread of said fire, and that the failure of the train hands to use such care to extinguish the fire rendered appellant liable; citing *Missouri Pac. R. Co.* v. *Platzer* (1889), 73 Tex. 117, 11 S. W. 160, 3 L. R. A. 639, 15 Am. St. 771; *Missouri Pac. R. Co.* v. *Donaldson* (1889), 73 Tex. 124, 11 S. W. 163; *Rolke* v. *Chicago, etc., R. Co.* (1870), 26 Wis. 537; 3 Elliott, Railroads, §1232.

In Texas it is held to be the duty of railroads, as shown by *Missouri Pac. R. Co.* v. *Platzer, supra,* to use ordinary care to extinguish fires, started without any negligence on the part of the company, no matter whether on the company's right of way or on contiguous lands; and that the

failure to exercise such care gives a right of action for any resulting injury. But it was held in *Galveston, etc., R. Co. v. Chittim* (1902), 31 Tex. Civ. App. 40, 71 S. W. 294, citing the two Texas cases cited by appellee, that it was not negligence for the train crew to fail to leave the train to extinguish the fire, although under the facts the diligence required of a railway company is the same as would be required of an ordinarily prudent man under like circumstances. The court said on page 44: "We think the amount of diligence required of a railway company under the state of facts in this case would be such as would be required of an ordinarily prudent man under like circumstances, and this duty would not be incumbent on the train crew, but must be placed on other agents or employes of appellant, not engaged in that or any like public duty. *Missouri Pac. R. Co. v. Donaldson* [1889], 73 Tex. 124. The jury may have concluded from the charge of the court in this case that the train crew should have left the train and should have engaged in extinguishing the fire, and that the railroad company would be liable if 'prompt, proper and adequate means' were not used by them to extinguish the fire. As soon as information reaches the employes, whose duty it is to attend to such matters, it is incumbent on them to use such care to extinguish the fire as a prudent man under like circumstances would have exercised. 3 Elliott, Railroads, §1232."

In *Rolke v. Chicago, etc., R. Co., supra,* cited by appellant, sparks and coals of fire escaped from the locomotive engine of the company's gravel-train and set fire to combustible matter on the right of way, from whence it spread to the plaintiff's premises and destroyed his property, and the court held that if the employes of the company on said gravel-train knew that the fire had been kindled on the track by the locomotive they were "bound to use ordinary care to extinguish it; and if they used no efforts whatever to extinguish it, but went away and left it burning," the

company would be liable. The court said, however, on page 539: "These remarks are made with reference to the character and condition of the train in question. It was a gravel-train, and there could be no difficulty, even if the train moved off, in leaving behind a portion of the men to look after the fire. In the case of an ordinary freight or passenger-train, even if the employes knew the locomotive had kindled a fire upon the track, yet it might not be possible to stop the train and put it out, or leave behind any one for that purpose. The safety of the train and passengers would be a matter of first importance, and negligence could not necessarily be imputed if the servants left the fire burning without using any efforts to extinguish it."

It is said in 3 Elliott, Railroads, §1232, cited by appellee, and in *Galveston, etc., R. Co.* v. *Chittim, supra,* that "when a fire is discovered by the employes operating a train the duty of such employes to the passengers would seem to be superior to their duty to stop and extinguish the fire and thus delay the train." The primary duty of a railroad company is to the state. It is to operate its railroad with reasonable speed, at regular times to accommodate passengers and shippers. It owes this duty to the state and its obligation to discharge it is the consideration for its charter. *Woodward* v. *Chicago, etc., R. Co.* (1906), 145 Fed. 577, 581, 75 C. C. A. 591, 595; *Mississippi Home Ins. Co.* v. *Louisville, etc., R. Co.* (1892), 70 Miss. 119, 137, 138, 12 South. 156, 54 Am. and Eng. R. Cas. 512. Stopping or delaying a train to put out a fire, which may have been set by a locomotive engine of the company, might throw the train out of its schedule time and thus interfere with the schedule time of other trains and greatly incommode and even endanger the lives of passengers on such trains. 2 Thompson, Negligence (2d ed.), §2242; *Mississippi Home Ins. Co.* v. *Louisville, etc., R. Co., supra.*

As was said at page 138 of the case last cited: "It is manifest that the duty which these [railroad] companies owe to the public, and which can only be discharged by running their trains upon schedules at stated intervals, could not be performed at all if the persons in charge of trains should be required to give their attention to fires along the way, and that the danger to life and property intrusted to them would be greatly increased by requiring trains to be stopped at all times and places, in order that the servants of the company may engage in putting out fires, whether the same be negligently or accidently set."

The rule in this State is that where the fire is started upon the right of way of a railroad, "if the company negligently suffers the fire to escape it is liable independently of how the fire was started, whether negligently or otherwise." 3 Elliott, Railroads, §1229. And see 2 Thompson, Negligence (2d ed.), §§2232, 2242, 2243, 2247; *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.* (1900), 154 Ind. 322, 330, 331, and authorities cited.

It is said in 3 Elliott, Railroads, §1230, concerning fires started off the right of way: "Where fires are started off the right of way a recovery is based on some wrong of the company in failing to adopt and use proper machinery and appliances or in unskillfully and negligently managing the same. The gist of the action is negligence in some one of the respects which we have just mentioned. In these cases the condition of the right of way is immaterial for it is in no way connected with the fire. It is well to bear in mind the different theories on which a recovery is based dependent upon the point where the fire started, for, as we shall hereafter show, different pleadings are required and different proofs must be made." See *Toledo, etc., R. Co.* v. *Parks* (1904), 163 Ind. 592, 595; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 580, 581.

It is evident, under the authorities cited by appellee, that even if it was the duty of appellant, as claimed by

appellee, to use ordinary care to extinguish said fire, started by appellant, without negligence, off its right of way, a question we need not and do not decide, said instruction nine complained of was erroneous because it made appellant liable without regard to the duty which the company owed to the public.

Other questions are argued in the briefs, .but, as they may not arise on another trial, they are not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.