NUSSBAUM & SCHARFF V. TRINITY & BRAZOS VALLEY RAILWAY
COMPANY.

No. 2494.   Decided May 16, 1917.

**1.—Negligence—Railway Fires—Rebutting Prima Facie Case—Charge.**

An instruction as to the proof which will rebut the prima facie case of negligence established by showing that fire was communicated from defendant's locomotive engine, must include the requirement of reasonable care to keep its spark arresting appliances in proper order. And this, though there was no proof of failure in such care other than the inference from the fact that fire was permitted to escape.   (Pp. 409, 410.)

**2.—Charge—Contradictory Instructions.**

An erroneous instruction to find for defendant if certain (insufficient) facts were proven, was not cured by a correct instruction given in another part of the charge. It could not be determined which of the contradictory charges the jury followed.   (Pp. 410, 411.)

**3.—Railway Fire—Insurance.**

The owners of cotton and their insurer having joined in a suit against a railway for its negligent destruction by fire, the fact that the insurer had settled with the owner for the loss would not prevent the latter from recovery if he had not assigned to the insurer his claim to recover for such negligence.   (P. 411.)

**4.—Same—Harmless Error.**

The owner and the insurer of cotton having joined in an action against a railway company for negligently causing its destruction by fire, a charge that any recovery awarded should be in favor of the insurer, but not of the owner, was harmless error as to the latter where the evidence was undisputed that he had no interest in the recovery, but was bringing suit merely for the benefit of the insurer and because the terms of his policy required him so to do.   (P. 411, 412.)

**5.—Same.**

If plaintiff's case was prejudiced before the jury by a charge whereby recovery was allowed only to the insurance corporation, instead of the individual insured, the prejudice could not affect the latter, who was only a nominal party having no interest in the recovery; nor could it be complained of by the corporation, it having joined as plaintiff and shown by the proof that it was solely entitled to the benefit of the recovery.   (P. 412.)

**6.—Railway Fires—Negligence—Evidence.**

It was not competent to rebut evidence by a railway that the engine setting out a fire, fully identified, was properly equipped and carefully handled, by proof that quantities of sparks were emitted at other times and by unidentified engines.   (Pp. 412, 413.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Limestone County.

The action was by Nussbaum & Scharff and the insurance company against the Trinity & Brazos Valley Railway Company for loss of cotton by fire. Defendant had judgment and plaintiffs appealed. On affirmance, Nussbaum & Scharff obtained writ of error.

*Collins & Cummings,* for plaintiffs in error.—Evidence of escape of sparks from engines on previous occasions should have been ad-

mitted. Railway Co. v. Donaldson, 73 Texas, 124; Railway Co. v. Rutherford, 28 Texas Civ. App., 590, 68 S. W., 826.; Bennett v. Railway Co., 11 Texas Civ. App., 423, 32 S. W., 835; Galveston, etc., Ry. Co. v. Hertzig, 3 Texas Civ. App., 296, 22 S. W., 1014.

It was error for the court to instruct the jury that the prima facie case made out by the proof of the escape of sparks would be rebutted by proof that the defendant's engine was equipped with one of the most approved arresters in use and that its agents and employes used ordinary.care in operating the engine to prevent the escape of sparks. Railway Co. v. Timmermann, 61 Texas, 661; Railway Co. v. Horne, 69 Texas, 648; Railway Co. v. Benson, 69 Texas, 409; Railway Co. v. Bartlett, 69 Texas, 83.

The court erred in instructing the jury that Nussbaum & Scharff were not entitled to recover in this action, and that whatever cause of action they had was the property of the insurance company. Levinski v. Cooper, 142 S. W., 959; Levy v. Railway Co., 59 Texas, 675.

*N. H. Lassiter, Robert Harrison,* and *C. S. Bradley,* for defendant in error.—Where the particular engine is identified testimony is not admissible as to other fires at other times resulting from the operation of the defendant's engines, unless they are shown to be similarly equipped and handled as was the engine identified as setting the fire involved in the suit.

A charge in this case that undertook to deal with the condition of the spark arrester would have been a pure abstraction, and would have gone just that far toward withdrawing the jury's attention from the real issues in the case. The testimony all being one way as to the condition of the spark arresters, there was no issue made as to that condition. Lam & Rogers v. Railway Co., 142 S. W., 978; Railway Co. v. Ellis, 184 S. W., 250.

The charge considered as a whole could not be misunderstood by the jury. Railway Co. v. Farmer, 102 Texas, 235; Railway Co. v. Ochiltree, 104 Texas, 265.

MR. JUSTICE YANTIS delivered the opinion of the court.

Suit was brought in the District Court of Limestone County, Texas, by Nussbaum & Scharff and the Standard Marine Insurance Company, Limited, of Liverpool, England, as plaintiffs in said court against the Trinity & Brazos Valley Railway Company, defendant therein, to recover of said railway company damages for the loss of 333 bales of cotton, which were stored on the cotton platform of the compress in the town of Mexia, which platform was located by the side of the main line and track of said railway company. The plaintiffs alleged that they were the owners of the cotton, and that it, the said railway company, negligently set fire to the cotton by causing the emission of sparks from some of its passing engines, and that all of said cotton was destroyed.to the extent that that which remained was of the value of only

five hundred dollars, while its value before the fire was fifteen thousand dollars. There was a trial by jury, whose verdict was favorable to said railway company, which is the defendant in error in this court. An appeal was taken by Nussbaum & Scharff and the insurance company to the Court of Civil Appeals for the Fifth District, where the judgment of the District Court was reversed and remanded, but later, upon motion for rehearing by said railway company, was affirmed. 149 S. W., 1083. A writ of error was granted by this court on the petition of Nussbaum & Scharff, plaintiff in error.

Complaint is made by the plaintiff in error of that portion of paragraph 10 of the court's charge, which is as follows:

"If you believe from the preponderance of the evidence in this case that sparks of fire escaped from defendant's engine and set fire to and burned the cotton on the compress platform at Mexia, Texas, on the date alleged, then you are instructed that such facts will constitute a prima facie case of negligence on the part of defendant; and in the absence of rebutting evidence sufficient to overcome such prima facie case you should render a verdict for the plaintiff.

"If you believe from the evidence that sparks of fire escaped from defendant's engine and burned the cotton and caused the damage alleged, thereby establishing the prima facie case above defined, but you further believe from the evidence that defendant's said engine was equipped with one of the most approved spark arresters in use, and that its agents and employees in charge of said engine used ordinary care in operating the engine to prevent the escape of sparks; then you are instructed that the prima facie case so made as above defined is rebutted and overcome. And if you so believe you will find for the defendant."

The criticism made of this charge is that it authorizes a verdict in favor of the defendant, if after a prima facie case of negligence on its part had been established, the evidence showed that the defendant's engine was equipped with one of the most approved spark arresters in use, and that its agents and employees in charge of said engine used ordinary care in operating said engine to prevent the escape of sparks; omitting to charge that it was essential also, in order to overcome a prima facie case of negligence, for the evidence to show that the spark arrester was in good repair. The charge as presented did not embrace all the ingredients of the defense as pleaded, or of that which was necessary to make a complete rebuttal of a prima facie case that had been established; for it was just as necessary that the spark arrester should be in good repair as it was that the defendant should exercise ordinary care to equip its engine with one of the most approved spark arresters in use. It would render little or no protection against fire to have a good spark arrester but to have it out of repair so that it would not properly arrest the emission of sparks. The defendant in its answer alleged as a defense to the action that it had exercised ordinary care "to provide and equip its engines with the best and most approved spark arresters and other appliances to prevent the escape of sparks or fire

from locomotive engines, and that it had used reasonable and ordinary care to maintain and keep such appliances in good condition." In order to overcome the prima facie case of negligence, as stated, it was necessary for the defendant to show that the spark arrester was in a good state of repair. The burden was upon it to establish this; and it was not entitled to be given a verdict, a prima facie case of negligence having been shown, without discharging this burden, both as to exercising ordinary care to equip its engines with an approved spark arrester, and to maintaining same in a good state of repair. The charge in question instructs the jury that a prima facie case of negligence would be overcome if only the defendant had its engine equipped with an approved spark arrester, and the servants in charge of the engine exercised ordinary care; and the court told the jury if they so found to return a verdict for the defendant. This is not enough. In order to entitle it to a verdict, it should also show that it had exercised ordinary care to maintain its spark arrester in a good state of repair. It is contended, however, by the defendant in error that there was no evidence that the spark arrester was out of repair, for which reason it was not incumbent upon the court in its charge to require a finding, in order to make a complete defense, that the spark arrester was in good repair. Since the burden was on the defendant in error to make a complete defense to a prima facie case to show that the spark arrester was in good repair, we think there is no merit in the contention; but aside from this we think there is evidence from which the jury, in passing upon the weight of the evidence, could fairly conclude that there was evidence that the spark arrester was out of repair for there was evidence tending to show that an engine properly equipped with the best approved spark arrester, and operated carefully along the railroad track, could be operated with safety so far as setting out sparks or fire are concerned. There was evidence to the effect that the defendant's engines were equipped with the latest approved spark arresters; there was evidence by eyewitnesses that they saw the sparks being emitted from the engine. From these facts it could be legitimately inferred that the spark arrester was out of repair, since according to some of the evidence the best approved spark arrester would not emit sparks of fire to any dangerous extent. The charge is subject to the criticism leveled against it. But it is contended by the defendant in error that if this omission in the charge quoted from rendered it erroneous the error was harmless when considered in connection with paragraph 14 of the court's charge, which does charge the jury that if the defendant had exercised ordinary care to equip its engine with one of the most approved and best kind of spark arresters in common use, and that same was in good repair for arresting sparks, and that its engine was carefully operated to prevent sparks from escaping, "then you will find for the defendant, even though you may believe that the fire originated from a spark emitted by said engine." This was a correct charge upon the defense made by the defendant in error. It did not contain the

vice referred to in paragraph 10 quoted from. But we are unable to understand how this charge in paragraph 14 corrected the vice discussed in paragraph 10. It made a conflict between the two charges, but no correction. The charge in paragraph 10 directed the jury to find in favor of the defendant upon a finding by them which omitted one of the essentials of the defense. If we could determine that the jury based their verdict entirely upon the correct charge contained in paragraph 14 we would hold the error in paragraph 10 to be harmless; but we have no means of knowing whether the jury followed the correct charge or the erroneous charge in arriving at their verdict. When two charges upon the same subject are given to the jury, each of which authorizes a verdict for the defendant, one of which is erroneous and the other is not, it is not a presumption that the jury followed the correct charge and rejected the erroneous charge; hence we can not conclude that the error was harmless. We recognize the rule that ordinarily the charge is to be construed as a whole, and that one part may often be looked to for the purpose of qualifying another part of the charge; but these two charges are inconsistent and contradictory, and they were calculated to confuse and mislead the jury. Baker v. Ash, 80 Texas, 356, 16 S. W., 36. As aptly said by Mr. Chief Justice Phillips, speaking for this court, in the case of Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 130, 187 S. W., 184, on the effect of two contradictory charges, "the only way to make the correction is to withdraw the erroneous instruction." The error indicated in paragraph 10 of the court's charge requires a reversal of the judgment of the District Court.

At the time of the fire the firm of Nussbaum & Scharff carried insurance for their protection on the cotton involved in the Standard Marine Insurance Company, Limited, of Liverpool, England. At the time of the trial the loss suffered by Nussbaum & Scharff had been paid to them by said insurance company. The finding of fact by the Court of Civil Appeals establishes that there had been no assignment by Nussbaum & Scharff to said insurance company at the time of the trial of the cause of action arising from the destruction of the cotton by the negligence of the railway company. In this state of the evidence the trial court instructed the jury that Nussbaum & Scharff were not entitled to recover in the suit, and that whatever cause of action they had was the property of the Standard Marine Insurance Company, Limited, of Liverpool, England, and that the jury should find against Nussbaum & Scharff and in favor of the Standard Marine Insurance Company, Limited, for any recovery which they might find against the railway company. Complaint is made of this charge by the plaintiff in error on the ground that the insurance company was not a proper party to the suit, and that the instruction placed upon Nussbaum & Scharff the burden of overcoming the prejudice which it is claimed juries commonly hold against insurance companies, and in this connection reference is made to the line of authorities which hold that it

is erroneous in a suit for personal injuries to prove that the defendant being sued in such case is protected by liability insurance.

We think the charge complained of was erroneous. Nussbaum & Scharff having never assigned the cause of action upon which the suit was grounded, were its owners, and were entitled to a recovery if the defendant in error was liable as alleged for the damage to the cotton. Texas & P. Ry. Co. v. Levi & Bro., 59 Texas, 674. But we think the ground of complaint made by the plaintiff .in error is not meritorious in view of the state of the pleadings and of the evidence. The undisputed evidence shows that Nussbaum & Scharff had no interest whatever in the recovery, and that they were suing only for the benefit of the Standard Marine Insurance Company, Limited, of Liverpool, England. Scharff, one member of the firm of Nussbaum & Scharff, testified as follows: "That this firm had no interest in this lawsuit, and that they were bringing it merely because the insurance policy obliged them to do so, and that if anything was recovered it was to be the property of the insurance company." The firm of Nussbaum & Scharff was a nominal plaintiff only, for which reason they could not have suffered any injury from the erroneous charge, except such injury as would in fact result to the beneficiary in whose behalf they sued, and if injury resulted to the beneficiary, the insurance company, by reason of the prejudice which juries may hold against insurance companies, as contended, the plaintiff in error can not complain, because it introduced the fact that the insurance company was interested in the recovery by voluntarily making it a party plaintiff to the suit, and asking for such recovery; and by evidence it established that the insurance company was to receive all the money which the court might require the defendant in error to pay on account of the loss. The plaintiff in error had introduced to the jury the very same fact of which it ·complains that the court erroneously advised the jury. We think the error in the charge, in view of the pleading and the undisputed evidence, is purely technical, with no probability of injury resulting from it, and should not be cause for a reversal of the case.

The plaintiff in error at the trial offered to introduce testimony of witnesses to the effect that they had frequently seen engines operated by the defendant in error throwing quantities of sparks. This evidence was excluded·by the court, and such action by it is made the basis of complaint by the plaintiff in error in one of its assignments. This class of evidence is sometimes admissible. Missouri Pac. Ry. Co. v. Donaldson, 73 Texas, 124, 11 S. W., 163. It is relevant and should be admitted when it tends to rebut a contention by the railway company that the spark arrester in use was in good repair and would not emit sparks, and that the servants of the railway company in charge of the engine exercised ordinary care in its operation to prevent the emission of sparks. A party to a suit should be afforded an opportunity to disprove or rebut a material contention by his adversary, but in this case the evidence offered is indefinite as to time and place, and we think would not come within the rule stated. The emission of sparks

on previous occasions, remote from the time and place of the commission of the negligence upon which the suit is based, under the circumstances of this case, would not tend to rebut the railway company's contention that the spark arrester was in good repair at the time of the injury complained of, and that its servants in charge of the engine exercised ordinary care in its operation to prevent the emission of sparks. Furthermore, it was found as a fact by the Court of Civil Appeals that the fire was started in the cotton for whose loss a recovery is sought by the railway company's engine No. 12. The evidence offered is not confined to the emission of sparks from that particular engine on former occasions. We think its exclusion in the form offered was proper.

For the error indicated the judgments of the Court of Civil Appeals and of the District Court should be reversed. The cause should be remanded to the District Court for another trial. It is so ordered.

*Reversed and remanded.*