### J. G. REID v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY ET AL.

(Filed 8 December, 1920.)

**1. Negligence—Evidence—Railroads—Fires—Sparks from Locomotive— Nonsuit—Trials.**

In an action against a railroad company to recover damages for setting fire to plaintiff's house by sparks from its locomotive, in bright daylight, evidence tending to show that eight or nine minutes after the passing of defendant's locomotive fire caught on the roof of plaintiff's house nearest the defendant's track, midway between the kitchen chimney and flue, the wind carrying large quantities of smoke from the locomotive drawing a heavy train, which was exhausting heavily, towards the plaintiff's house, and that the fires in plaintiff's chimney and stoves had died down early in the day, is sufficient upon the defendant's actionable negligence to take the case to the jury, and to deny defendant's motion to nonsuit; and testimony of witness that he had seen the smoke, but no sparks coming from the locomotive, at the time, does not exclude the inference by the jury that the locomotive was throwing them out with the exhaust. *Deppe v. R. R.*, 152 N. C., 79, cited and applied.

**2. Same—Instructions.**

*Held*, the evidence in this action to recover of defendant railroad company damages caused the plaintiff for negligently setting fire to his house

by sparks from its passing locomotive, did not justify the giving of defendant's requested instructions, that if "all the evidence were believed, the spark arrester was such as was approved at the time, and the engine was being handled by competent and skillful operatives, in a skillful and competent manner."

APPEAL by defendant from *Long, J.,* at April Term, 1920, of RUTHER-FORD.

This action is to recover damages for the negligent burning of the plaintiff's residence and furniture. There is no contest as to the plaintiff's title to the property burned, or as to the value thereof. The assignments of error are the refusal of a motion for a nonsuit, and for the refusal of a prayer to instruct the jury as prayed, that "if they believe all the evidence, the defendant at the time of the fire had a spark arrester such as was at that time approved and in general use, as required by law, and that the engine was being handled by its operatives in a competent and skillful manner by competent and skillful operatives."

Verdict and judgment for plaintiff; appeal by defendant.

*Solomon Gallert for plaintiff.*
*Pless, Winborne & Pless, H. S. Morrison, and J. J. McLaughlin for defendant.*

CLARK, C. J.    The fire occurred on 20 March, 1919, when there was a high wind, at a time when the house "was as dry as could be," and there had been no rain for some days. The fire caught on the roof of the house nearest the defendant's track, between 3 and 4 p. m., 8 or 9 minutes after defendant's coal train, with a large engine pulling 50 cars, had passed. The track was 237 feet, or 79 yards from the house. When the fire was discovered it was about as large as "a medium-sized dish pan," and was half-way between the kitchen chimney and the flue. When the engine passed it was exhausting heavily, making much noise, and the smoke was coming towards the house. The witness testified that he was standing on the kitchen porch, and that the fire caught on the kitchen roof. The stove flue was pretty close to the south side of the kitchen, and prejected about five feet above the roof. It was well protected by brick. The fireplace was at one end of the kitchen and the stove was at the other.

It was in evidence that there was 10 feet between the stove and the fireplace, which were at opposite ends of the kitchen; that there had been no fire in the stove since before noon when dinner was served, and that the fire in the stove had gone out, and the fire in the kitchen fireplace, which had been built between 9 and 10 in the morning, had burned down to two or three chunks and coals.

This evidence, taken in the most favorable light to the plaintiff, if believed by the jury, might well warrant the inference that the large engine, exhausting heavily and drawing 50 coal cars, which passed a few minutes before the fire broke out on the kitchen roof, when there was no fire either in the stove or in the fireplace, nor had been for some time, the wind blowing from the track directly toward the house, and bringing the heavy smoke rolling out of the engine, brought sparks, though being in the daytime, on a bright day, there was no evidence of sparks being seen. The plaintiff was therefore entitled to have the issues submitted to the jury. In *Moore v. R. R.,* 173 N. C., 311, relied on by the defendant, there was no evidence to connect the defendant with the fire other than the bare fact that the defendant's locomotive passed by the plaintiff's property not very long before the fire. In this case, as in *Deppe v. R. R.,* 152 N. C., 79, there was evidence tending to show that the fire came from the defendant's engine, and there is the exclusion of every other known source, if the jury believed the evidence for the plaintiff.

It was not error to refuse the prayer for instruction, which called upon the judge to express an opinion on the facts. If, as the jury found, the fire was caused by sparks from the defendant's engine, that of itself was some evidence of negligence, either in the condition of the spark arrester or in the operation of the engine. This was so held in *Currie v. R. R.,* 156 N. C., 424, 425. There was no evidence that the engine was not throwing sparks, but merely that the witness did not notice any, nor did the evidence justify an instruction that if "all the evidence were believed, the spark arrester was such as was approved at the time, and the engine was being handled by competent and skillful operatives at the time in a competent and skillful manner." There was evidence that the fireman was an "extra" fireman; that he did not fire regularly on that engine, on which he fired only on one trip some two months before. The spark arrester had been in constant use for 3 or 4 months, and the inspection of the spark arrester which had been made not long before the fire, was done by a witness who testified that he was a carpenter, and not in the employ of the railroad company, and had not done work of that kind before, and that the spark arrester was not long afterwards taken out for repairs.

No error.