# Sollenberger et al. *v.* Pennsylvania Railroad, Appellant.

*Railroads—Negligence—Sparks — Spark-arrester — Evidence — Particular engine—Burden of proof.*

1. In an action against a railroad company for injuries by fire alleged to have been caused by sparks thrown out from a designated locomotive, evidence of the throwing out of sparks by other locomotives generally is inadmissible.

2. While it is sufficient to identify the engine which is alleged to have emitted the sparks as one which regularly operated a particular train, if the witnesses are unable to do so, the jury should be instructed to disregard their testimony.

3. In such case, the burden of proof is on plaintiffs to show not only that the sparks from the locomotive in question caused the fire, but also that there was negligence in the construction or management of the engine.

4. If it is claimed that the spark-arrester on the particular engine was defective, plaintiffs must prove this either by direct or circumstantial evidence, and, until such proof is furnished, defendant is not required to offer evidence as to the condition of its spark-arrester.

Argued November 24, 1925. Appeal, No. 34, Jan. T., 1926, by defendant, from judgment of C. P. Franklin

Co., Dec. T., 1923, No. 117, on verdict for plaintiff, in case of Charles W. Sollenberger et al., doing business as Fayettville Feed & Grain Co. v. Pennsylvania Railroad Co.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Reversed.

Trespass for injuries by fire.  Before GILLAM, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $65,137.22, on which judgment was entered for $65,000.  Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Walter K. Sharpe,* with him *O. C. Bowers* and *John McD. Sharpe,* for appellant.—The causal connection must be complete, not admitting other possibilities. If the evidence is not sufficient to establish this connection, the court should so declare as a matter of law: Kalbach v. Ry., 277 Pa. 307.

There was not sufficient evidence to show that the sparks were emitted from a particular engine: American Ice Co. v. R. R., 224 Pa. 439; Oakdale Baking Co. v. Ry., 244 Pa. 463; Reading & Columbia R. R. v. Latshaw, 93 Pa. 449; Kalbach v. Ry., 277 Pa. 307.

*Edmund C. Wingerd,* with him *T. Z. Minehart, D. Edw. Long* and *William S. Hoerner,* for appellee.—When there is evidence that a locomotive throws out sparks of unusual size, larger than would pass through a spark-arrester in proper condition, which start fire, it is certainly proper to show that fires were discovered along the right-of-way of the railroad a short time after this locomotive, which threw out sparks of unusual size, had passed: Thomas v. R. R., 182 Pa. 538, 542; Huyett v. R. R., 23 Pa. 373, 374; Phila. & R. R. R. v. Schultz, 93 Pa. 341; Oakdale Baking Co. v. R. R., 244 Pa. 463.

The evidence may be entirely circumstantial and in the nature of the case must of necessity almost always be so: P. & R. R. Co. v. Hendrickson, 80 Pa. 182, 189; Knickerbocker Ice Co. v. R. R., 253 Pa. 54, 58, 60.

OPINION BY MR. JUSTICE FRAZER, January 4, 1926:

Plaintiff sued to recover damages for destruction of their planing mill by fire alleged to have been caused by sparks emitted from one of defendant's locomotives. The jury found for plaintiffs and motions for a new trial and for judgment non obstante veredicto were refused and judgment entered on the verdict, from which order defendant appealed. The fire is alleged to have come from sparks thrown out by defendant's engine 03783 which passed plaintiffs' property five to ten minutes before the flames were discovered. The fire was first noticed in the engine room and while workmen were securing water from a near-by cistern to extinguish that blaze, they saw the roof of the building on fire at two different places.

The mill was in operation at the time, and it was shown there was located in the engine room a four-cylinder internal combustion engine constructed to be operated by either gasoline or kerosene. Plaintiffs' theory of the fire was that sparks from defendant's locomotive 03783 were carried to the roof of the building and after burning through the roof the sparks found their way into the engine room and there started the fire which was subsequently discovered by plaintiffs' employees. The theory of defendant, on the contrary, is that the fire was started in the engine room by sparks from the engine's exhaust and from there was communicated to the roof of the building. In support of these two opposing theories a considerable amount of testimony was offered, and submitted to the jurors who adopted plaintiffs' version.

Error is assigned to various parts of the charge, one being to the refusal to affirm a point submitted by defendant requesting the court to charge that "The evi-

dence introduced by plaintiffs to show that other fires occurred on or near defendant's right-of-way shortly before and after the fire complained of by the plaintiffs, so far as such evidence is unconnected with the throwing of sparks by defendant's locomotive 03783, is incompetent to prove that the fire that occurred on plaintiffs' premises on April 11, 1923, was caused by defendant's locomotive 03783 or that such fire was negligently set, and such evidence should be disregarded by the jury." The trial judge refused to affirm the point, with the remark, "We cannot agree with that proposition as it is written." This point should have been affirmed because of plaintiffs' allegation that the fire was caused by a locomotive bearing the particular number named; in similar cases we have repeatedly held that evidence of the throwing out of sparks by other locomotives generally is inadmissible: Kalbach v. Phila. and Reading Ry., 277 Pa. 307, 311, and cases cited. There was evidence introduced by plaintiffs tending to show that sparks and cinders, unusually large in size, had been emitted from defendant's engines at different times and also that other fires had been started along defendant's right-of-way. As to portions of such evidence the respective witnesses were unable to state whether the sparks and cinders were from engine 03783 or from others or that the fires had been started from the engine in question. Under these circumstances, it was important that the court should instruct the jury to disregard evidence not confined to the engine in question, for this reason the eleventh assignment of error must be sustained.

We take this occasion to caution counsel for plaintiff on the retrial of this case to confine the evidence to such as affects the specific engine alleged to be responsible for the fire. It appears the locomotive in question was the one in general use for passenger service on this branch road, and that it made five round trips daily between Chambersburg and Waynesboro. It was occasionally not in use, however, and at such times was replaced by

another engine.  A local freight also made a daily round trip over the road and an occasional extra work train passed over it, each drawn by a different engine from that used by the passenger train.  The witnesses produced by plaintiffs to testify to fires at other points along the road caused by sparks were not in all cases able to state that the engine here in question was the one which passed shortly before or at the time the fires referred to in the request for charge were discovered, or that 03783 was the engine which emitted sparks of unusual size.  While it has been held sufficient to identify the engine as one which regularly operated a particular train (Shelley v. Phila. and Reading Ry., 211 Pa. 160, 164), a number of the witnesses here were unable to do even this.  For instance, in the evidence included in the sixth assignment of error the witness testified to being in a lumber shed and hearing sparks and cinders fall on the roof, admitting, however, he did not actually see either the sparks or the engine.  In the seventh assignment the witness testified to seeing large sparks and cinders on the ground, but admitted his inability to say whether they were thrown out by 03783 or another engine.  In the eighth assignment, the witness testified he saw a fire burning along the railroad tracks; he was however, unable to fix the time; his testimony was quite indefinite; he was attracted by the smoke and could do no more than guess at its origin.  Likewise, in the ninth assignment, the witness in speaking of another fire, did not remember a train passing about the time the fire started, but said it was near the time the passenger train should have passed that point.  Unless evidence is definitely confined to the single purpose of showing this particular passenger engine frequently threw out large sparks which started fires along the railroad within a reasonable period of time before and after plaintiff's mill was destroyed, it should be excluded on a new trial.

In that part of the charge included in the thirteenth assignment, we think the trial judge inadvertently fell

into error by the use of language which must have led the jury to believe the burden was on defendant to prove the spark-arrester was properly constructed and in proper order. The court charged that "The contention of the defendant is that the fire was caused by that engine in the engine room. That is their hope of escape. They tell you nothing about the condition of the engine. It is inferentially shown that there was a spark-arrester which it is the duty of every railroad engine to have on it. They do not show you anything about the operation of that spark-arrester; they do not show you anything about the construction; they do not even show you there was one there. It is admitted there was one there, so inferred from the evidence and so argued. If that is so and nothing else is shown, then the verdict would be for the plaintiffs for the amount, as we have said, for the amount they have lost."

The court here overlooked the fact that the burden of proof was on plaintiffs to show not only that the sparks from the locomotive in question caused the fire, but also there was either negligence in the construction or management of the engine: Henderson v. Railroad Co., 144 Pa. 461, 480. It being averred that the spark-arrester on the engine was defective, the burden was on plaintiffs to prove this either by direct or circumstantial evidence (Knickerbocker Ice Co. v. Penna. R. R., 253 Pa. 54, 58) and until such proof was furnished, defendant was not required to offer evidence as to the condition of its spark-arrester. The language used would permit the jury to infer that if there was a spark-arrester on the engine, and this was admitted and nothing else was shown, the verdict should be for the plaintiffs in absence of proof by defendant that the spark-arrester was in fact in proper order.

The judgment is reversed and a new trial granted.