## Melcher et al. v. Stengel, Appellant.

*Negligence — Automobiles — Collision between automobile and motorcycle—Right of way—Sudden emergency—Left-hand turn—Refusal of judgment n. o. v.—Appeals—Evidence.*

1. On appeal from an order refusing judgment for defendant notwithstanding a verdict for plaintiff, the testimony must not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must also be given the benefit of every fact and inference of fact pertinent to the issue involved, which may be reasonably deduced from the evidence.

2. The refusal of judgment for defendant n. o. v. on an appeal in a case where plaintiff, the driver of a motorcycle, was injured in a collision with defendant's truck, will not be reversed where the evidence for plaintiff, although contradicted, tended to show that plaintiff was riding at night on the proper side of a street at a moderate speed, when the truck, approaching on the opposite side,

of the street, made a left-hand turn within a few feet of plaintiff in order to enter a private driveway, and struck the motorcycle.

3. Plaintiff had the right of way and acted in a sudden emergency.

Argued January 24, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeals, Nos. 12 and 13, Jan. T., 1927, by defendant, from order of C. P. Berks Co., Jan. T., 1926, No. 315, refusing judgment n. o. v., in case of Cyril Melcher, by his father and next friend Nicholas Melcher, and Nicholas Melcher in his own right, v. Harvey Stengel. Affirmed.

Trespass for personal injuries. Before RICHARDSON, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Cyril Melcher for $5,000 and for Nicholas Melcher for $800. Judgment n. o. v. refused. Defendant appealed.

*Error assigned* was, inter alia, order refusing judgment for defendant n. o. v., quoting record.

*H. Robert Mays,* for appellant.

*Charles W. Matten,* for appellee.

PER CURIAM, March 14, 1927:

Plaintiffs, father and minor son, recovered separate verdicts in the court below against defendant, for damages resulting from injuries sustained by the son in a collision between a motorcycle, ridden by him, and an automobile truck, driven by an agent of defendant. Defendant moved for judgment n. o. v., urging that plaintiff Cyril Melcher had been guilty of contributory negligence, as a matter of law. The motion was overruled, and judgments were entered on the verdicts; these appeals followed,

The evidence showed that some time after dark on the evening of September 13, 1922, Cyril Melcher (hereinafter referred to as plaintiff) was riding his motorcycle eastwardly on the south side of the main street of the Borough of Bally. At this time, defendant's truck, driven by one admittedly his agent, was proceeding westwardly along the north side of the same street. Both vehicles bore lights. Defendant's truck, preparing to enter a private driveway on the south side of the street, made a left turn in the highway, and when within four or five feet of the south curb collided with the motorcycle, seriously injuring plaintiff.

The testimony as to the attending circumstances was conflicting in many details, but that given on behalf of plaintiff was to the effect that he was riding at a moderate speed, and saw defendant's truck approaching on the opposite side of the street; that plaintiff, believing the truck would continue along the street, paid little attention to it until he became aware that it had turned to the left and was within a few feet of him; that he at once applied his brakes and brought the motorcycle to a stop, and, while he was thus stopped, the truck hit him.

There are discrepancies in plaintiff's story, and inferences might well be drawn therefrom which would differ from those made by the jury; these points, however, are not for us to consider. On an appeal such as the one at bar, "the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact, and inference of fact, pertinent to the issues involved, which may reasonably be deduced from the evidence": Moyer v. Pittsburgh, etc., Ry., 275 Pa. 363, 366. Viewing the testimony in this light, we cannot say as a matter of law that plaintiff was guilty of contributory negligence; he had the right of way and acted in a sudden emergency. The case was one

for the jury; the court below was correct in discharging the motion for judgment n. o. v. and in entering judgments on the verdicts.

The judgments are affirmed.