# Sollenberger et al. *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Negligence—Fire from sparks—Case for jury—Evidence—Harmless error.*

1. In an action against a railroad company for destruction of property by fire caused by the alleged negligent emission of sparks from a locomotive, a verdict for plaintiff will not be reversed because of alleged deficiency in the testimony of some of plaintiff's witnesses, where it appears that such deficiency was supplied by other proofs going to show that sparks from the engine in question would not have been emitted by it if in good condition, and that they were sufficient to and did start the fire.

2. Where all the material parts of a witness's testimony have been stricken out, and no exception taken to his testimony, the admission of the testimony is not reversible error.

3. Harmless error is not ground for reversal.

4. In disposing of a motion for judgment for defendant notwithstanding a verdict for plaintiff, both the court below, and the appellate court, must consider the evidence in the light most favorable to the plaintiff.

5. Under the evidence in this case it was proper to submit to the jury the question of defendant's negligence.

Argued May 11, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 8, Jan. T., 1928, by defendant, from judgment of C. P. Franklin Co., Dec. T., 1923, No. 117, on verdict for plaintiff, in case of Charles W. Sollenberger

et al., trading as Fayetteville Feed & Grain Co. v. Pennsylvania Railroad Co. Affirmed.

Trespass for injuries caused by fire from sparks. Before Biddle, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $71,524.80. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Walter K. Sharpe,* with him *John W. Hoke* and *John McD. Sharpe,* for appellant.—It was error to submit the case to the jury: Kalbach v. Ry., 277 Pa. 307.

Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved and not themselves presumed: Phila. City Pass. Co. v. Henrice, 92 Pa. 431; Reese v. Clark, 146 Pa. 465; Welsh v. R. R., 181 Pa. 461; American Ice Co. v. R. R., 224 Pa. 439; Knickerbocker Ice Co. v. R. R., 253 Pa. 54; Oakdale Baking Co. v. R. R., 244 Pa. 463; John Hancock Ice Co. v. R. R., 224 Pa. 74; Mellinger v. R. R., 229 Pa. 122; Byers v. R. R., 222 Pa. 547; Florence v. R. R., 258 Pa. 456.

While generally speaking, on a motion for judgment n. o. v., the evidence offered by plaintiff, if it is sufficient to make out a prima facie case, justifies the submission of the case to a jury; in fire cases of this character, the weight of authority indicates that the court should consider all the testimony in the case.

*Edmund C. Wingerd,* with him *T. Z. Minehart, D. Edw. Long* and *William S. Hoerner,* for appellees.—The case was for the jury: Byers v. R. R., 222 Pa. 547; Keidel v. R. R., 281 Pa. 289.

The fact that appellant's locomotive was not properly equipped with a spark arrester at the time of the fire

can be proven by circumstantial evidence: Henderson v. R. R., 144 Pa. 461; American Ice Co. v. R. R. Co., 224 Pa. 439; Oakdale Baking Co. v. R. R., 244 Pa. 463.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

We have heretofore reviewed this litigation (Sollenberger v. Penna. R. R., 285 Pa. 85). By sending the case back for another trial, we assented to the view that on the proofs submitted its determination was for the jury.

As on the first trial, the vital question at issue was whether the fire which destroyed plaintiffs' property was caused by sparks negligently emitted from defendant's locomotive or whether it originated in the engine room of the mill where a gasoline engine was in operation.

The case for plaintiffs is stronger now than it was on its previous presentation in several respects, notably, by the testimony of a witness who saw the fire on the roof of the planing mill a few minutes after the passing of the locomotive which is alleged to have caused it, at a point to the south of the engine room, to which in all likelihood it could not have spread from the engine room as so doing would be against the wind which was blowing quite strongly at the time. We are of one mind that on the testimony submitted the case was for the jury and cannot be disposed of as a matter of law, as appellant contends it should be.

It is urged that the court erred in the admission of the testimony of certain witnesses. We think none of this testimony was vital to the recovery and are convinced that it did not bring about the verdict in plaintiffs' favor. The first complaint is of the evidence of a witness who discovered fire burning in a field on a day which he could not exactly fix but within seven days prior to the fire in question; it was discovered shortly after the engine, which by other testimony had been individuated as the one passing plaintiffs' property just prior to the fire, went by the field. This witness testified that no other train passed which could have started

the fire except the one in controversy. We think this testimony could not have been properly excluded. Two other witnesses said that they saw the locomotive in question emitting sparks when it was running up grade and it is argued that this was under conditions differing from those at plaintiffs' property. We do not see how the receipt of this testimony can be complained of, as the jury necessarily must have understood that there would be a difference in conditions when a train was on an up grade from those where it was running substantially on the level. The plaintiffs could not be confined in their proofs to the performance of the engine in the matter of emitting sparks in its operation on grades precisely similar to those along their property. Another witness testified to the throwing of sparks by the engine in question, three witnesses to the falling of cinders on a tin roof as the train passed and a fifth to sparks emitted from the engine without an allegation that they were of unusual size. It is complained as to two of these that it was not shown by them that the sparks were not of the size which would have been emitted from a locomotive in good condition, and as to the other three that the size of the cinders was not shown or that they were burning or capable of starting a fire. The deficiency of the testimony of all of these witnesses, if there was a deficiency in it, was supplied by other proofs going to show that sparks from the engine in question would not have been emitted by it if in good condition and that they were sufficient to and did start fires. As to the evidence given by the witness Solomon Kauffman about which appellant complains, as we understand the record, all material parts of this testimony were stricken out. No exception was taken at the trial to anything that he said. In none of the rulings on the testimony of these witnesses was reversible error committed.

This was a hard fought trial. The contentions of the two sides and the legal propositions which grew out of

them were presented by the able judge who specially presided over it in a manner so admirable and so fair that there is no criticism of his charge. He scrupulously observed the rulings made in our former decision and the principles laid down in prior cases, particularly in the case of Kalbach v. Phila. & Reading Ry., 277 Pa. 307. In accordance with the ruling made in that case, the testimony was strictly confined to the engine in question which had passed plaintiffs' property but a few minutes before the fire and which was clearly distinguished from all others. In disposing of the case on the motion for judgment against the verdict, he thus summed it up: "The evidence in [plaintiffs' behalf] would show, that on the day of the fire there was no fire or cause of fire in or about the mill of the plaintiffs; that the gasoline engine in the engine room was not a cause of fire; that a passenger train of the defendant had passed the property a few minutes before the fire was discovered; that the wind was blowing strongly on that day from the direction of the railroad towards the plaintiffs' mill; that the weather was extremely dry, and had been for some time; that the roof of the plaintiffs' mill was highly inflammable; that the loft between the roof and the ceiling of the mill proper and of the engine room had inflammable matter and dust throughout; that the wind was blowing through the loft from the side nearest to the railroad toward the end where the engine room was situated; and that there was a connection between the side of the engine room and this loft, so that it was possible for fire to be communicated therefrom to the engine room; that on the day in question cinders thrown out by the engine drawing the passenger train were carried by the wind for a distance greater than between the engine and the planing mill; that within twelve days of the date of the fire this same engine had been seen to cause a number of fires along the right-of-way of the railroad, and had thrown out sparks and cinders of a larger size than would be thrown

out from an engine equipped with a spark arrester in proper condition and properly placed when the engine was properly operated; and that no direct testimony to meet this had been offered by the defendant to show either that the engine in question was equipped with a spark arrester or that, if so equipped, the spark arrester was in proper condition." Our careful study of the entire record shows that this was a correct summing up of the case, as shown by plaintiff's proofs. While it is true, as the trial judge observed, that the defendant offered evidence to contradict and offset this testimony on the part of the plaintiffs, in disposing of the case on the motion for judgment, the court below, and we, are to consider it from the aspect most favorable to the plaintiffs: Melcher v. Stengel, 288 Pa. 522; Simon v. Myers, 284 Pa. 3; Fuller v. Stewart Coal Co., 268 Pa. 328; and so considering it we cannot disturb the jury's finding by entering judgment for appellant.

The judgment is affirmed.