Conti *v.* New Castle Lime & Stone Co., Appellant.

Argued April 18, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*John P. Lockhart,* and with him *William McElwee, Jr.,* for appellant.—An action does not lie for the reasonable use of one's property, and in an industrial community, there can be no recovery for damages incident to the lawful operations of a business: Penna. Co. v. Sun Co., 290 Pa. 404; Edmunds v. Duff, 280 Pa. 355; Prendergast v. Walls, 257 Pa. 547; Krocker v. Westmoreland P. Mill Co., 274 Pa. 143; Robb v. Carnegie, 145 Pa. 324; McCaffrey's Appeal, 105 Pa. 253; Straus v. Barnett, 140 Pa. 111.

*James L. O'Toole, Jr.,* and with him *Alvah M. Shumaker,* for appellee.—The right of a man to use and enjoy a property is as supreme as his neighbor's, and no artificial use of it by either can be permitted to destroy that of the other: Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 555; Woelpper v. Pennsylvania Water & Power Co., 250 Pa. 559, 562; Hauck v. Pipe Line Co., Ltd., 153 Pa. 366; P. R. R. et al. v. Sagamore Coal Co., 281 Pa. 233; Robertson v. Coal Co., 172 Pa. 566; Hauck v. Pipe Line Co., Ltd., supra; Commonwealth v. Emmers, 33 Pa. Superior Ct. 151; Commonwealth v. Russell, 172 Pa. 506; Bricker v. Conemaugh Stone Co., 32 Pa. Superior Ct. 283.

OPINION BY PORTER, P. J., July 12, 1928:

This is an action in trespass by plaintiff for damages alleged to have been sustained by the falling of dust on land of plaintiff, said dust arising from the pulverizing of limestone in the "Pulverizing Plant" of the defendant, located on land adjoining that of the plaintiff. The damages claimed for were for injury to the vegetation, crops and fruit growing on land of the plaintiff. The plaintiff recovered a judg-

ment in the court below and the appeal is by the defendant corporation.

The evidence at the trial established the following undisputed facts. The Lake Erie Limestone Company, a corporation entirely distinct from this defendant, had for many years prior to 1896, operated a limestone quarry, in Mahoning Township, Lawrence County, and had erected upon its own property a "crusher" for the preparation of the product of the quarry for the market. That company had continued the operation of the quarry and "crusher" down to the time of the trial. The plaintiff, in 1896, purchased a tract of land adjoining the property of the Lake Erie Limestone Company, near the point where the "crusher" of that company was located, and upon that tract of land the plaintiff erected a dwelling-house, in which he has since lived. The operation of the "crusher" of the Lake Erie Limestone Company caused but little dust and no injury to the land or crops of the plaintiff. In the fall of the year 1918 the defendant corporation leased from the Lake Erie Limestone Company a small tract of land sufficient to accommodate the plant which the defendant proposed to erect for the purpose of pulverizing limestone screenings, and erected upon said piece of land a "Pulverizing Plant," near the property of the plaintiff, which plant was put in operation in March, 1919. During the first two or three years of the operation of the plant of the defendant not much dust was thrown into the air and no substantial injury resulted to the lands of the plaintiff. The plant of the defendant was subsequently enlarged and new machinery introduced and after that, beginning with the year 1922, large quantities of dust were thrown into the air and it was not, at the trial, seriously disputed that the wind carried much of this dust and deposited it on plaintiff's land, causing the land to appear at times as if covered by a heavy white frost. The small

tract of land which the defendant had leased from the Lake Erie Limestone Company contained no limestone, nor was the defendant engaged in the mining of limestone at any other place. It obtained the "Limestone Screenings" from the "crusher" of the Lake Erie Limestone Company and, also, at one time, from the "crusher" operated by some other company, at a distance from its plant. These "Limestone Screenings" which the defendant bought from other parties were already a marketable commodity which the Lake Erie Limestone Company had, prior to the erection of the plant of the defendant, sold in the market, and it continued to sell such screenings as were not taken by the defendant corporation. Large quantities of those limestone "screenings," the product of the "crusher," are used for making roads and other purposes; the Pennsylvania Department of Highways using very large quantities. The defendant buys this already marketable commodity and by the use of machinery in its "Pulverizing Plant" reduces it to a fine powder, which is known in the trade as agricultural limestone, but, in addition to being used for agricultural purposes, it is also used for rock-dusting coal mines, as filler for asphalt and for other purposes. When used for agricultural purposes it is applied directly to the land while being prepared for the planting of the crops, but in the case of lawns and meadows it is scattered upon the growing grass. There was some dispute under the evidence as to whether the dust which was carried by the wind and deposited on plaintiff's growing vegetables was really injurious to the crops, but we must accept that disputed question of fact as being settled by the verdict of the jury.

The contention of the appellant is that the injury of which the appellee complains is damnum absque injuria, and Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126; Harvey v. Coal Company, 201 Pa. 63 and

Alexander v. Wilkes-Barre Anthracite Coal Co., 254 Pa. 1, are relied upon for this immunity from liability. In those cases the injury to the plaintiff resulted from the natural and lawful use of the land of the defendant itself, and was the necessary result of mining operations and the preparation of the product of the mine for the market. .It imposed nothing on the plaintiff that he was not bound to bear as a servient owner. In the opinion of Mr. Justice BROWN, in Sullivan v. Steel Company, 208 Pa. 549, it was said: ."The changed conditions brought about by the appellee have not resulted from the development and natural use and enjoyment of its own property, as was the situation in Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126, the doctrine of which case has never been and never ought to be extended beyond the limitations put upon it by its own facts" and, also: "The right of a man to use and enjoy his property is as supreme as his neighbor's and no artificial use of it by either can be permitted to destroy that of the other. To this rule if at times there are apparently some exceptions, the present case is not one of them." This language was quoted with approval in Mulchanock v. Whitehall C. Mfg. Co., 253 Pa. 263. "It is not to be lost sight of that the defendant's right to injure another's land at all, to any extent, is an exception, and the burden is always upon him to bring himself within it. And his exception is founded on necessity and because otherwise he would himself be deprived of the beneficial use and enjoyment of his own land. Unless that would be the substantial result of forbidding his action, he is not within the immunity of any of the cases": Pfeiffer v. Brown, 165 Pa. 274.

This defendant owned no land in which there was limestone, it was not engaged in any mining operations. It bought limestone "screenings," an already marketable commodity, brought them upon the small tract of land occupied by its plant and there reduced

them to a fine powder, large quantities of which escaped into the air and were carried by the wind and deposited upon plaintiff's land, destroying his crops. "If the relation of the miner to his product, or the surface to the underlying minerals, could confer exemption from liability for the consequences of the manufacture of the material mined, where the process was conducted on the same tract, the defendants were not within the range of such exemption. They did not mine the coal they used. It was not mined on the land upon which the coke ovens stood. They were therefore under the general rule, and not within the exemption, if such exemption really existed": Robb v. Carnegie, 145 Pa. 344. It was in that case held that the burden was not upon the plaintiff to prove either negligence or malice, in order to establish a right of recovery against the defendant. We followed that decision, as it was our duty to do, in Campbell v. Bessemer Coke Co., 23 Pa. Superior Ct. 374. The use which the defendant is making of its land is an artificial one, they bring upon their land an already marketable commodity and by use of machinery reduce it to another form. This is a manufacturing, not a mining operation and the defendant is liable for any substantial injury to a neighbor resulting from such use of its land. The first, second and third assignments of error are overruled. When we consider the amount of the verdict we are not convinced that the cause of the defendant was prejudiced by the rulings of the court upon the admission of evidence or the refusal to strike out the same. The other assignments of error are, therefore, without merit.

The judgment is affirmed.