130

## Gordon Ice Company v. Reading Company.

'H. O. Bechtel and W. C. Devitt, for plaintiff.

George Ellis and John F. Whalen, for defendant.

HOUCK, J., Feb. 4, 1929.—In this case the plaintiff corporation, which was engaged in the business of harvesting and selling ice, sues the defendant corporation to recover damages for the destruction of ice and for the destruction of its business. The statement alleges that the plaintiff is the owner and is in possession of a tract of land in the Borough of Gordon, Schuylkill County, on which land is a running stream of fresh spring water; that the plaintiff embarked in the natural ice business on or about Nov. 18, 1916, and built a dam upon the said stream, together with storage houses in which to store the harvested ice; that it built up a large trade for its ice and continued in business until March, 1923; that the defendant is engaged in the operation of a steam railway between Philadelphia and Williamsport, the line of said railway running near to the plaintiff's land; that the defendant, during the month of January, 1920, and continuously thereafter, to and including the month of March, 1923, "by its reckless, careless and negligent working and operating of its railroad, running and operating its defectively equipped and negligently and insufficiently maintained locomotives on its line of railroad at and near the lands and plant of the plaintiff aforesaid, did then and there throw and cause to be thrown large volumes and clouds of smoke, cinders, ashes, coals and coal dirt upon the land, and upon the water, and upon the ice as it was being formed on the water of the plaintiff aforesaid, thereby destroying the crop of ice and making it worthless and unmarketable. So much so" that the plaintiff was compelled to abandon its plant; that the negligent operation of its railroad by the defendant destroyed each ice crop from January, 1920, to March, 1923, thus rendering worthless the plaintiff's ice plant and its equipment; that the name, number and designation of the locomotives from which the cinders and ashes were thrown upon the plaintiff's ice are unknown to the plaintiff; and that the defendant's negligence destroyed the ice crop during the months of January, February and March of 1920, and during the months of December, January, February and March of 1921, 1922 and 1923, because of the insufficient repair or the

negligent, careless, improper, reckless and unskillful management and operation of the defendant's railroad and its engines.

To the statement of claim the defendant filed an affidavit of defense raising questions of law. The defendant contends that the plaintiff is not entitled to recover because the statement of claim fails to show in what manner the defendant's locomotives were defectively equipped or negligently or insufficiently maintained, and fails to show how the cinders and ashes were thrown upon the plaintiff's land and dam; that the statement fails to show the number or numbers of the engine or engines or any particulars relating to the engines which it is alleged caused the damage; that the statement does not show that the throwing of cinders and ashes upon the water had anything to do with the condition of the ice, for the destruction of which claim is made; that the averments in the statement are vague, indefinite and uncertain; and that the claim covering January, February and March, 1920, is barred by limitation, since the præcipe for summons was filed on Dec. 22, 1926.

The action is based upon the allegation that the defendant operated its railroad negligently. If it is shown that the plaintiff sustained damage by reason of the defendant's negligence, then, of course, the plaintiff is entitled to recover. The burden is on the plaintiff to show that the defendant's engines caused the damage, and that there was negligence either in the construction or management of the engines: Sollenberger et al. *v.* Pennsylvania R. R. Co., 285 Pa. 85. The duty rests upon the defendant of using the most effective known means and appliances to prevent the cinders and ashes from its engines from being borne and scattered by the winds over nearby properties: Harvey *v.* Susquehanna Coal Co., 201 Pa. 63. See, also, Conti *v.* New Castle Lime and Stone Co., 94 Pa. Superior Ct. 321. The statement of claim alleges that the plaintiff's damage resulted from the defendant's negligence. The statement, therefore, alleges a cause of action.

The next question is whether or not the statement of claim is sufficiently specific in its allegations charging the defendant with negligence. In our opinion, the statement is as specific as the circumstances permit. Both parties have cited cases, in support of their respective contentions, dealing with damages caused by fire alleged to have been started by a spark from a locomotive. Cases of this character do not exactly touch the point here involved. A fire is a single occurrence, and the proof, whether direct or circumstantial, must be directed to a point near in time to the occurrence. In the case at bar, the claim is not founded on a single occurrence, but on a long-continued succession of acts. If the plaintiff can show, as the statement alleges, that over a long period of time cinders and ashes were negligently thrown upon its land and upon its dam, and that these negligent acts caused damage, then the plaintiff would be entitled to recover. In a case of this character it is not requisite that the plaintiff specify each and every engine which was negligently operated by name, number or other designation. In fact, that character of proof is not required in a fire case where the plaintiff has no knowledge of the designation of the particular engine alleged to have caused the damage: Matthews *v.* Pittsburgh & Lake Erie R. R. Co., 18 Pa. Superior Ct. 10; Knickerbocker Ice Co. *v.* Pennsylvania R. R. Co., 253 Pa. 54; Sollenberger *v.* Pennsylvania R. R. Co., *supra*. The locomotives which were operated on the line in proximity to the plaintiff's property are within the knowledge of the defendant. The time is specified and from this the defendant can meet whatever proof the plaintiff offers to show negligence: Murdock *v.* Martin et al., 132 Pa. 86. The objections relied upon by the defendant are objections which might well be raised after the evidence has been produced.

They cannot avail at this time against the statement of claim, which sufficiently avers that the damage suffered resulted from the defendant's negligence.

The last objection to be considered is the defendant's contention that the claim for January, February and March, 1920, is barred by limitation. Whether a claim or a portion of a claim is barred by the statute of limitations cannot be raised in an affidavit of defense so as to entitle the court to decide it as a preliminary question of law: Prettyman *v.* Irwin, 273 Pa. 522. This is an affirmative defense and may be interposed in the proper way and at the proper time. It cannot be raised in an affidavit of defense raising questions of law.

Being of the opinion that the statement of claim states a cause of action, and that the cause of action has been sufficiently averred, the affidavit of defense raising questions of law must be overruled.

The affidavit of defense raising questions of law is overruled, with leave to the defendant to file an affidavit of defense on the merits within fifteen days, otherwise the case shall be deemed to be at issue.

From M. M. Burke, Shenandoah, Pa.