## BARTLEY SCOW CORPORATION v. J. V. PETRIE & SON, Inc., et al.

### THE BARTLEY BROS.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 111.

.Foley & Martin, of New York City (James A. Martin and Edward E. Elder, both of New York City, of counsel), for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee J. V. Petrie & Son, Inc.

Macklin, Brown, Lenahan & Speer, of New York City (J. Dudley Eggleston, of New York City, of counsel), for appellee Hygrade Builders' Supply Co., Inc.

H. Beach Carpenter, of New York City, for appellee the American Sugar Refining Co.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. There is no dispute as to the facts. The scow was orally chartered by the libelant to the respondent Petrie & Son, and was subchartered by it to the Hygrade Company upon the same terms. Nothing is shown as to such terms except that the hire was $12 per day, and a bargee went with the scow. It passed directly from the libelant's possession into that of the subcharterer, and the libelant knew it was to be used to carry ashes. The subcharterer sent the scow to the sugar company's dock at the foot of South Second street, Brooklyn, where ashes were loaded on it from a chute. During the loading, the bargee discovered, upon going into the hold one morning, that two deck planks were on fire. The fire was promptly extinguished by use of a hose from the dock; but a hole about two feet square had been burned through the deck and a deck stringer had been damaged. The cost of repairs, after the return of the scow to libelant, was shown by a survey to be $1,465.

The sugar company moves its ashes directly from its furnaces to the scow through a conveyor system, which provides water for wetting down the ashes at five points in their progress from the furnaces. At two points the application of water is automatic, but at the other three points manual operation is required. Although the District Court found that the damage was caused by dumping hot ashes upon the scow, it dismissed the libel on the ground that no negligence was proven on the part of those charged with the duty of taking reasonable care of the scow.

■■ With this latter conclusion we are unable to agree. When live ashes are taken from a furnace to be dumped upon a wooden scow, the operation is so obviously fraught with

danger as to demand the exercise of a high degree of care to provide for wetting them sufficiently to prevent a fire. When, as here, they are dumped so hot as to burn and damage the scow, those who do the dumping are presumptively negligent. Where fire is set by sparks escaping from a railroad locomotive, there appears to be a conflict among federal decisions whether a presumption of negligence in the equipment or operation of the locomotive arises from the mere fact of causing the fire. See McCullen v. Chicago & N. W. Ry. Co., 101 F. 66, 49 L. R. A. 642 (C. C. A. 8); Garrett v. Southern Ry. Co., 101 F. 102, 49 L. R. A. 645 (C. C. A. 6); General Ins. Co. v. Northern Pac. Ry., 28 F.(2d) 574 (C. C. A. 9), affirmed, without passing upon this point, in 280 U. S. 72, 50 S. Ct. 44, 74 L. Ed. ——. A similar conflict exists in the state courts. See Alabama, etc., Ry. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311; Reid v. Carolina, C. & O. Ry. Co., 180 N. C. 511, 105 S. E. 169; Nussbaum & Scharff v. Trinity, etc., Ry. Co., 108 Tex. 407, 194 S. W. 1099; contra, Wallace v. N. Y., N. H. & H. R. R. Co., 208 Mass. 16, 94 N. E. 306; Flinn v. N. Y. C. & H. R. R. R. Co., 142 N. Y. 11, 36 N. E. 1046; Sollenberger v. Penn. R. R. Co., 285 Pa. 85, 131 A. 661. But it is unnecessary for us to choose between these views, for the situation in the case at bar is distinguishable. The escape of sparks from the locomotive is accidental; here there is a deliberate placing upon a wooden scow of live ashes which will cause fire unless they have been sufficiently cooled. The fire itself proves that the cooling has been insufficiently performed, and it is reasonable to require the one who undertook to cool them to come forward with evidence to show due care in the performance of his undertaking. The case is likewise distinguishable from O'Brien Bros. v. City of New York (D. C.) 7 F.(2d) 485, affirmed 7 F.(2d) 488 (C. C. A. 2) which is much relied upon by the sugar company. There fire originated in rubbish loaded on a scow; but there was no evidence of the origin of the fire, nor did the load consist of ashes taken directly from a furnace.

Therefore the sugar company was obliged to produce evidence to overcome the presumption of negligence. This it did not do. It proved little more than that it had an equipment which had worked satisfactorily in the past. But that equipment was dependent in important respects upon the manual operations of workmen who were not produced. The casualty proves that the system, however good in general, broke down on this occasion. Only one witness, the boiler room engineer, was called. He explained the ash-handling system in general. But the workmen who actually handled the ashes, controlling the spray in the hoppers, using the hose when the ashes are being wheeled to the elevator boot, and directing the final spray upon them as they fall from the chute, were not produced. The proof falls far short of showing that each successive step in handling the ashes dumped upon this scow was carefully attended to. Hence we hold that the sugar company did not overcome the libelant's prima facie case.

The other appellees concede their secondary liability, if the sugar company's primary liability is established. Consequently we need not consider this subject further than to say that the sugar company's contention that the Hygrade Company had by contract assumed the risk of damage from hot ashes is entirely unsupported by the terms of their contract.

The decree of dismissal is reversed, and a decree is granted to the libelant against the sugar company as primarily liable; the Hygrade Company and J. V. Petrie & Son being secondarily liable in the order in which they are respectively named.